2007-NMCA-132

168 P.3d 761

**STATE of New Mexico, Plaintiff–Appellant,**

v.

**Tommy DOMINGUEZ, Defendant–Appellee.**

No. 26,628.

Court of Appeals of New Mexico.

Aug. 21, 2007.

Gary K. King, Attorney General, Santa Fe, NM, M. Anne Kelly, Assistant Attorney General, Albuquerque, NM, for Appellant.

John Bigelow, Chief Public Defender, J.K. Theodosia Johnson, Assistant Appellate Defender, Santa Fe, NM, for Appellee.

## OPINION

SUTIN, Chief Judge.

{1} The State appeals from a district court order dismissing the charges against Defendant for failing to bring Defendant to trial within six months of the date of his arraign-

ment in violation of Rule 5–604(B)(1) NMRA. One day after the six-month time period expired, the State filed a petition for an extension to commence trial, pursuant to the procedure that authorizes late extension requests, but only in exceptional circumstances. *See* Rule 5–604(E). The State challenges the district court's ruling that no exceptional circumstances justified the late petition for extension and argues that the district court's dismissal constitutes a hypertechnical application of the six-month rule that is not supported by the equities in this case. This appeal requires us to review for the first time a district court's application of the "exceptional-circumstances" requirement to excuse an untimely petition to extend trial commencement. *See id.* We determine that exceptional circumstances do not exist in this case and that the equities do not demand a more liberal application of the six-month rule. Accordingly, we affirm the district court's dismissal.

## I. BACKGROUND

{2} Generally, the parties agree on the facts material to our analysis of the issues. On July 8, 2005, Defendant was arraigned on charges of forgery, attempted forgery, and resisting, evading, or obstructing an officer. In this case, the arraignment date is the undisputed triggering event for the running of the six-month period, requiring trial to commence by Monday, January 9, 2006. *See* Rule 5–604(B)(1). The trial date was scheduled for November 30, 2005. Due to a scheduling conflict on November 30, the district court vacated the trial and reset it for an unspecified date. On December 29, 2005, the district court assigned the new trial date for March 15, 2006, over two months past the expiration of the rule period.

{3} In anticipation of filing a petition for extension before the end of the six-month period to accommodate the late trial date, the prosecutor called defense counsel on January 9, 2006, the last day of the rule period, in order to represent in writing Defendant's position in the petition. Defense counsel returned the prosecutor's phone call at 4:05 p.m. on the same day, five minutes after the district court clerk's office closed. Defen-

dant expressed opposition to the extension. The State contends that it was forced to file the petition for extension the next day, January 10, 2006, one day late, in an effort to comply with Rule 5–120(C) NMRA. "The moving party shall determine whether or not a motion will be opposed. If the motion will not be opposed, an order initialed by opposing counsel shall accompany the motion." *Id.*

{4} On January 20, 2006, the district court granted the State's request for an extension with the mistaken belief that Defendant had concurred in the petition. On February 13, 2006, Defendant filed two motions to dismiss: one claiming a six-month rule violation and the other claiming a speedy trial violation. In the motions, Defendant represented that he was not served with the State's petition until January 23, 2006, three days after the extension was granted. The district court held a hearing on the motions, and issued a letter ruling which found that the State failed to establish that exceptional circumstances existed as required by Rule 5–604's provision for untimely petitions to extend the time for trial commencement, and further found that the court therefore lacked authority to grant the opposed petition. The district court entered an order of dismissal from which the State now appeals.

## II. DISCUSSION

{5} On appeal, the State argues that the district court's dismissal resulted from an overly technical application of the six-month rule that is not supported by case law or justified by the equities of this case. As the basis for its argument, the State contends the following: the extension was for good cause, undisputedly required to accommodate the district court's heavy docket; the State would have timely filed the petition for extension but for defense counsel's delayed response; the State was burdened by a heavy caseload at the time it requested the extension; and Defendant acquiesced in the delay, or otherwise failed to adequately protect his right to a timely trial, and also suffered no prejudice. We are not persuaded that the State's argument demonstrates exceptional circumstances, nor are we persuaded that

Defendant acquiesced in the extension, resulting in a technical dismissal.

## Six–Month Rule and Standard of Review

{6} Rule 5–604 "is a bright-line rule, designed to assure prompt disposition of criminal cases." *State v. Jaramillo,* 2004–NMCA–041, ¶ 1, 135 N.M. 322, 88 P.3d 264 (internal quotation marks and citation omitted); *see State v. Guzman,* 2004–NMCA–097, ¶ 9, 136 N.M. 253, 96 P.3d 1173. The rule "requires a defendant's trial to commence within one-hundred eighty-two days of a triggering event, absent permissible extensions." *State v. Carreon,* 2006–NMCA–145, ¶ 6, 140 N.M. 779, 149 P.3d 95 (citing Rule 6–506(B)–(E) NMRA of the Rules of Criminal Procedure for the Magistrate Courts), *cert. granted,* 2006–NMCERT–011, 140 N.M. 846, 149 P.3d 943. Where the State fails to bring a defendant to trial within the applicable period, given any extensions granted under the rule, "the information or indictment filed against such person *shall* be dismissed with prejudice." Rule 5–604(F) (emphasis added). This Court has interpreted the time limit for commencement of trial within the applicable period, not as jurisdictional, but as mandatory, upon a defendant's appropriate invocation of the right to a timely trial. *See Carreon,* 2006–NMCA–145, ¶ 6, 140 N.M. 779, 149 P.3d 95; *Guzman,* 2004–NMCA–097, ¶ 9, 136 N.M. 253, 96 P.3d 1173. Although the time limit in the rule is described as "bright-lined" and "mandatory," our case law has also created a recognized easing of application by requiring the courts to apply the rule with common sense to avoid effecting a hypertechnical dismissal. *See Jaramillo,* 2004–NMCA–041, ¶¶ 1, 8–17, 135 N.M. 322, 88 P.3d 264 (addressing the blurred line created by the conflicting policies underlying how to apply the rule and reviewing cases that applied a less technical view of the time limit); *see also State v. Lobato,* 2006–NMCA–051, ¶¶ 28–30, 139 N.M. 431, 134 P.3d 122 (interpreting both the literal meaning of the rule and the policy against technical dismissals, without the use of common sense, to affirm the denial of dismissal where there was an improperly granted mistrial).

{7} Consistent with the duality of the policies underlying application of the six-month rule, a permissible extension for trial may be obtained under the rule for good cause shown even outside of the six-month period. *See* Rule 5–604(E). However, the extension must be sought by a petition filed "within ten (10) days after the expiration of the applicable time limits" and only where the untimeliness of the petition "is based on exceptional circumstances beyond the control of the state or trial court." *Id.; see State v. Sandoval,* 2003–NMSC–027, ¶ 11, 134 N.M. 453, 78 P.3d 907 (confirming that "petitions to extend may be filed up to ten days after the six-month rule has expired for exceptional circumstances beyond the control of the State or the trial court").

{8} We review the district court's application of the six-month rule de novo. *See Carreon,* 2006–NMCA–145, ¶ 5, 140 N.M. 779, 149 P.3d 95.

## Exceptional Circumstances

{9} Our only direct guidance for construing what is contemplated by the provision in Rule 5–604(E) for "exceptional circumstances beyond the control of the state or trial court" is provided by the committee commentary to the rule. The commentary states that "[i]t is believed that exceptional circumstances would include the death or illness of the judge, prosecutor or defense attorney immediately preceding the commencement of the trial which was to commence the day prior to the expiration of the six-month trial requirement."

{10} There is an analogous procedural misstep, an untimely notice of appeal, that also must be justified by exceptional circumstances due to the mandatory nature of a timely appeal. *See Trujillo v. Serrano,* 117 N.M. 273, 276, 871 P.2d 369, 372 (1994) (balancing the policies against procedural formalities that deny a right to appeal with the requirement of a timely appeal to properly invoke appellate jurisdiction). We have had more opportunities to develop what may constitute exceptional circumstances for untimely notices of appeal. Because a timely notice of appeal is a mandatory precondition to the exercise of our jurisdiction, we will excuse an

untimely appeal only in exceptional circumstances beyond the control of the parties, which we have determined would include errors on the part of the court. *See id.* at 276–78, 871 P.2d at 372–74 (remanding for a determination of whether the actions of the court caused the party to file the untimely appeal); *see also State v. Upchurch,* 2006–NMCA–076, ¶ 5, 139 N.M. 739, 137 P.3d 679 (observing that, where an appeal is filed untimely by the State, we do not presume the effective assistance of counsel and "we rigidly enforce the mandatory time limits for filing the notice of appeal" in the absence of exceptional circumstances). In addition, we have entertained an untimely appeal where the appellant reasonably relied on case law indicating that the probate court order, from which the party should have timely appealed, was not the final, appealable order. *See In re Estate of Newalla,* 114 N.M. 290, 296, 837 P.2d 1373, 1379 (Ct.App.1992).

■ {11} In the present case, to demonstrate exceptional circumstances for the lateness of the petition for extension, the State points to defense counsel's failure to respond to the prosecutor's phone call with a position on the extension until after the district court closed on the last day of the rule period. The State maintains that it did not seek the extension earlier because of its heavy caseload. In *Upchurch,* we held that a prosecutor's inadvertence in filing a notice of appeal one day late and in failing to request an extension for appeal does not constitute exceptional circumstances. 2006–NMCA–076, ¶¶ 2, 5, 139 N.M. 739, 137 P.3d 679. Similarly, we are not persuaded that the State's inadvertent oversight under the pressure of a heavy caseload is an exceptional circumstance. Although we appreciate the State's attempt to obtain and state Defendant's stance on the petition, the State could have filed the petition earlier or without Defendant's stance to ensure its timeliness. *See* Rule 5–604(E) (stating that "[w]ithin five (5) days after service of the petition, opposing counsel may file an objection to the extension setting forth the reasons for such objection").

■ {12} Likewise, we will not excuse the untimeliness of the petition because the docket of the district court necessitated rescheduling the trial. *See Guzman,* 2004–NMCA–097, ¶ 13, 136 N.M. 253, 96 P.3d 1173 (acknowledging that "the State has the obligation to conduct the prosecution of its case in a timely manner"); *cf. State v. Johnson,* 113 N.M. 192, 197, 824 P.2d 332, 337 (Ct.App. 1991) (Hartz, J., dissenting) (stating, in a speedy trial case, that " '[u]nintentional delays caused by overcrowded court dockets or understaffed prosecutors' must be considered against the state" (alteration in original) (quoting *Strunk v. United States,* 412 U.S. 434, 436, 93 S.Ct. 2260, 37 L.Ed.2d 56 (1973))). There is no indication or argument that the district court's rescheduling in any way caused the State to file a petition for an extension the day after the rule period expired. None of the circumstances in this case rise to the level of exceptional circumstances in the manner of an illness preventing an imminent trial, court error, or misleading precedent. *See* Rule 5–604(E) comm. cmt.; *cf. Trujillo,* 117 N.M. at 278, 871 P.2d at 374 ("One unusual circumstance which would warrant permitting an untimely appeal might arise if the delay was the result of judicial error."); *Newalla,* 114 N.M. at 296, 837 P.2d at 1379 ("One … exceptional circumstance might be reasonable reliance on a precedent indicating that the order not timely appealed was not a final, appealable order."). Therefore, we hold that the State has not demonstrated exceptional circumstances to justify the untimely petition for an extension.

**Equities of Dismissal**

■ {13} The question arises whether, where the extension that was sought after the rule period had lapsed was not grounded in exceptional circumstances, the State can nevertheless override the dismissal based on theories of over-technicality and lack of common sense. Those theories include rationales of acquiescence by failing to act, as well as by affirmative conduct that would support a determination of an over-technical application of the rule that defies common sense. *See Lobato,* 2006–NMCA–051, ¶¶ 28–29, 139 N.M. 431, 134 P.3d 122 (discussing the rationales of acquiescence by a defendant that would cause or increase delay that inured to

the defendant's benefit, and taking affirmative action during the delay that could increase the delay).

{14} We assume, without deciding, that those theories are applicable even when exceptional circumstances do not support the untimely filing for an extension. Under that assumption, because assertion of the theories comes after the State untimely filed its petition and has not met the exceptional circumstances exception, the State's attempt to have us apply the theories to overturn the district court's dismissal should be an arduous task. In our view, the State has not met its burden. The circumstances do not reflect acquiescence in delay, affirmative conduct that should count against Defendant, or any other conduct that would require a conclusion that dismissal was based on an over-technical application of the rule or any lack of common sense in its application.

{15} The State argues that Defendant acquiesced in the delay by invoking the district court's jurisdiction over other matters and failing to promptly protect his rights under the six-month rule, relying on three recent opinions from this Court. First, the State argues that our decision in *Lobato*, 2006–NMCA–051, ¶ 29, 139 N.M. 431, 134 P.3d 122, supports its contention that even if the benefit from the delay did not inure to Defendant, dismissal is inappropriate where Defendant acquiesced in the delay by failing to take action to protect his right, as well as by taking action causing delay. We are not persuaded that *Lobato* aids the State's position. In *Lobato*, we rejected the defendant's argument that the six-month rule should continue to run where the district court improperly declared a mistrial. *See id.* ¶¶ 22–30. We based our decision on both a literal reading of the rule, which provides that a mistrial starts the rule period anew, and a common sense approach to the circumstances. *See id.* ¶¶ 27–30. We observed that the defendant took affirmative steps to delay his retrial by appealing the mistrial order, and that the defendant acquiesced in the delay for six months when he participated in the retrial proceedings in all respects without objection until the morning of trial. *See id.* ¶ 29. Under these circumstances, we held that "only a

hypertechnical reading of the rule would dictate dismissal." *Id. Lobato* is too factually distinguishable to provide support for the State's position.

{16} The State also refers to *Jaramillo*, 2004–NMCA–041, ¶¶ 15–18, 135 N.M. 322, 88 P.3d 264, for support of its contention that where the parties seem to operate in contemplation of a delayed trial and where Defendant submitted to the authority of the district court without raising his rights under the six-month rule, common sense precludes a dismissal. Like *Lobato*, the facts and holding of *Jaramillo* are too distinct to control the analysis in the present case. In *Jaramillo*, the defendant's motion for mistrial was granted, the trial was not officially severed, and the defendant did not join his co-defendant's appeal asserting a double jeopardy violation. *See Jaramillo*, 2004–NMCA–041, ¶¶ 2–5, 135 N.M. 322, 88 P.3d 264. Instead, the defendant waited until his co-defendant's appeal was resolved to determine the propriety of a retrial and to object to the delayed retrial counting from the time of the mistrial order. *See id.* ¶¶ 15, 17. This Court held that a dismissal would amount to an overly technical application of the rule where the defendant's actions indicate his intention to benefit from his co-defendant's appeal, the parties did not indicate a belief that the case was completely severed, and where the defendant failed to move for dismissal on numerous appropriate occasions while retrial was proceeding. *See id.* ¶¶ 15–17.

{17} In the second paragraph of the "facts and course of proceedings" part of his answer brief, Defendant states that on November 30, 2005, when the court continued the case because the trailing docket necessitated that a different case be tried, his attorney stated that he opposed any extension by the court of the six-month rule. Defendant also refers to a chart on the following page of his brief that shows under "date" and "event" that on November 30, 2005, "Defense states it opposes any extension past the six month rule." Further, Defendant refers in his brief to his motion to dismiss on speedy trial grounds in which he represented that the November 30, 2005 trial was continued and that he would oppose an extension. In an-

swering the State's argument that he acquiesced, Defendant again points out that he objected to an extension at the original trial date and further states that "[t]he State knew on November 30, 2005 that [Defendant] objected to an extension beyond the six-month period," and that in spite of that, the State did not file a petition. The State nowhere in its brief in chief or reply brief mentions this objection or denies that it occurred.

{18} Further, in contrast to the defendants in *Lobato* and *Jaramillo*, Defendant in the present case invoked the jurisdiction of the district court only once after the rule period had lapsed and after he had objected to the petition. Defendant requested a hearing in order to seek modification of his bond and release from confinement, after having spent ten months in jail. The timing of and reasons for the hearing do not indicate a waiver of the right to be timely tried, as was the case in *Lobato* and *Jaramillo*. Defendant's hearing was held on January 31, 2006, eleven days after the district court granted the State's untimely petition for an extension and eight days after Defendant was served with the petition. Defendant's request for the hearing does not indicate an intention to participate in the action as though it would proceed to trial or indicate any intention to delay trial. Rather, Defendant's request was made because his then thirteen-year-old son was hit by a truck and was having to undergo surgery. Defendant needed to work and make money for his son's medical expenses. Therefore, we are not persuaded that Defendant's invocation of the court's authority after the rule period lapsed demonstrates acquiescence in any respect.

{19} Lastly, the State relies on *Guzman*, 2004-NMCA-097, ¶¶ 8–12, 136 N.M. 253, 96 P.3d 1173. *Guzman* held that the district court may extend the time to commence trial in an oral ruling, and may even extend it sua sponte, and permitted the extension upon the prosecutor's oral motion for an extension, when the written order was drafted by the State after the rule period had expired. *Id.* ¶¶ 11–13. The Court in *Guzman* balanced the prosecutor's failure to file a verified petition and the district court's late written order

with the defendant's actions as a whole and the need for the continuance. *See id.*

{20} The defendant in *Guzman* had stipulated to an extension a few days before the first scheduled trial, within only a month of the expiration of the rule period. *Id.* ¶¶ 2, 11. The continuance was granted and trial was reset within the rule period. *Id.* ¶ 2. About two weeks thereafter, the prosecutor left the district attorney's office. *Id.* ¶¶ 2, 6. At that time, the successor prosecutor orally requested a continuance, which the district court granted, but the prosecutor failed to memorialize in a written order until eighteen days after the rule period passed. *Id.* ¶ 3. The defendant did not agree to the continuance, but conceded that it was for good cause and that she suffered no prejudice. *Id.* ¶ 7. The defendant did not file a motion to reconsider the extension or to set it aside, but instead waited another thirty-one days after the written order to file a motion to dismiss. *Id.* ¶¶ 3, 11. Further, the extensions were needed in *Guzman* in part because the prosecutor resigned and a successor took over the case after the stipulated extension, and there were three changes in the presiding judges due to the death of the first judge, the reassignment to the second judge pro tempore, and the permanent assignment of the last judge. *Id.* ¶¶ 2–6. On appeal, this Court noted that while the successor prosecutor and judge worked to correct the oversight in failing to enter a written order granting the extension before the end of the rule period, the defendant did nothing and waited an unreasonable time, forty-nine days past the rule period, to assert her rights under the six-month rule. *Id.* ¶¶ 11–12. On balance, the Court held that the defendant's rights under Rule 5–604 were not sufficiently asserted to outweigh the technical violation of the rule, where the causes of the delay were so anomalous and forgivable. *See id.* ¶¶ 12–13. *Guzman* is distinguishable.

{21} Contrary to the cases on which the State relies, Defendant in the present case neither benefitted from, caused, nor stipulated to any delay in bringing him to trial. Further, in contrast, Defendant did not participate in the proceedings or wait until the last moment or take an unreasonably linger-

ing amount of time to move for dismissal. Defendant filed his motion to dismiss for violation of the six-month rule twenty-one days after he discovered that the district court granted the extension. Equally important, the State's request for an extension in *Guzman* was timely even though orally made, and we agree with the district court in the present case that the State failed to comply with the rule and did not meet the exceptional-circumstances requirement of Rule 5–604(E).

{22} The crux of the six-month rule is promptness. The rule contains a strongly worded provision for noncompliance with the time limit-dismissal. *See* Rule 5–604(F). Also, the State's showing of the need for the extension in *Guzman* was greater and more clearly developed than was the State's showing in the present case. Thus, although the defendant's actions in *Guzman* are somewhat similar to Defendant's in the present case, the procedural and administrative oddities of *Guzman* combined with the defendant's greater failure in that case to promptly act in any manner create factual distinctions that permit us to weigh in favor of protecting Defendant's rights under Rule 5–604 in the present case. Therefore, we are not persuaded that *Guzman* compels reversal. On balance, we hold that the circumstances here do not warrant deviation from the literal application of the rule.

### III. CONCLUSION

{23} For the reasons set forth in this opinion, we are not persuaded that there are exceptional circumstances to justify the State's untimely petition for extension, or that the district court's application of the six-month rule and dismissal was over-technical or defied common sense. We affirm the district court's order dismissing the charges against Defendant.

{24} **IT IS SO ORDERED.**

WE CONCUR: A. JOSEPH ALARID and IRA ROBINSON, Judges.