This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                    **NO. 29,314**

**LUPE FLORES ALVAREZ,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF HIDALGO COUNTY**
**J. C. Robinson, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Carlos Ruiz de la Torre, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**KENNEDY, Judge.**

    Defendant is appealing from a district court judgment and sentence entered after

he plead no contest to criminal damage to property. We issued a calendar notice proposing to affirm, and Defendant has responded with a memorandum in opposition. We affirm.

Defendant continues to argue that he did not adequately understand the plea and disposition agreement, and he should be permitted to withdraw. A defendant must properly preserve a claim of an unknowing or involuntary plea by filing a motion to withdraw the plea, then must demonstrate a manifest injustice to the trial court. *See State v. Dominguez*, 2007-NMCA-132, ¶ 14, 142 N.M. 631, 168 P.3d 761; *State v. Martinez*, 2002-NMSC-008, ¶ 44, 132 N.M. 32, 43 P.3d 1042.

Here, neither the record nor Defendant's docketing statement indicate that this matter was preserved below. In addition, Defendant has not referred us to anything in the record to support the manifest injustice showing. Instead, Defendant's claims [MIO 1-2] appear to be matters outside of the record. *See State v. Martin*, 101 N.M. 595, 603, 686 P.2d 937, 945 (1984) (holding that an appellate court may not consider matters not of record). As such, to the extent that Defendant believes these claims have merit, it would need to be addressed in a habeas proceeding. *See Duncan v. Kerby*, 115 N.M. 344, 346, 851 P.2d 466, 468 (1993).

For the reasons set forth above, we affirm.

**IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR**:

_____
**ROBERT E. ROBLES, Judge**


_____
**LINDA M. VANZI, Judge**