This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                        **NO. 27,731**

**FRANK OZIEL GARZA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Stephen Bridgforth, District Judge**

Gary K. King, Attorney General
Anita Carlson, Assistant Attorney General
Santa Fe, NM

for Appellee

The Pickett Law Firm
Mollie C. McGraw
Mark L. Pickett
Las Cruces, NM

for Appellant

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

This case came back to this Court on remand from the New Mexico Supreme Court to address the following issue that was not reached in our earlier memorandum opinion: whether the district court erred in denying Defendant's motion to dismiss based on a violation of the time limits for bringing his case to trial under Rule 6-506 NMRA. [DS 5] We proposed to reverse on this issue. The State has responded with a memorandum in opposition. We reverse.

"Rule 6-506 requires a defendant's trial to commence within one-hundred eighty-two days of a triggering event, absent permissible extensions." *See State v. Carreon*, 2006-NMCA-145, ¶ 6, 140 N.M. 779, 149 P.3d 95, *cert. quashed*, 2007-NMCERT-008, 142 N.M. 436, 166 P.3d 1090. The State may obtain an extension by a motion filed within ten days of the expiration of the applicable time limits; however, the State must show exceptional circumstances beyond the control of the State or the trial court. *See State v. Dominguez*, 2007-NMCA-132, ¶ 7, 142 N.M. 631, 168 P.3d 761 (discussing extensions for the district court's six-month rule as provided in Rule 5-604(E) NMRA). The district court's application of the six-month rule is an issue we review de novo. *Id.* ¶ 8.

In this case, Defendant was arraigned in magistrate court on July 6, 2006. [DS 1] The State filed a notice of dismissal and re-filed the charges in district court in

November 2006. [DS 2] On the day of trial, May 4, 2007, Defendant moved to dismiss the charges, arguing that the six-month rule should run from the applicable magistrate court date, instead of being triggered by events in the district court. [DS 4] The district court denied Defendant's motion. [DS 4]

Defendant's issue is governed by this Court's decision in *State v. Yates*, 2008-NMCA-129, 144 N.M. 859, 192 P.3d 1236, *cert. granted by State v. Savedra*, 2008-NMCERT-009, 145 N.M. 258, 196 P.3d 489. In *Yates*, this Court adhered to a previous conclusion in *Carreon* that "the mere existence of the prosecutorial policy of dismissing every magistrate court case that is not settled before the six-month deadline is insufficient to sustain the State's burden" to overcome a presumption that re-filed charges are a continuation of the original magistrate court prosecutions for purposes of the six-month rule. *Id.* ¶ 11 (internal quotation marks and citation omitted). The circumstances in this case appear to be similar to those in *Yates*. *Id.* (noting procedural history). As such, the six-month rule in this case commenced from the date of arraignment in magistrate court, requiring dismissal. Rule 6-506(C) permits extensions of time to avoid dismissal. However, there is no indication that the State timely sought an extension and made the requisite showing. *See* Rule 6-506(D) NMRA. Accordingly, our calendar notice proposed to reverse.

In its memorandum in opposition, the State argues that *Yates* was incorrectly decided. [MIO 2] However, *Yates* is the latest pronouncement from this Court, and although certiorari has been granted, the Supreme Court has not reversed or overruled this Court's decision in *Yates*. Until the Supreme Court does so, *Yates* remains controlling precedent on which our courts are entitled to rely. *See Arco Materials v. TRD*, 118 N.M. 12, 14, 878 P.2d 330, 332 (Ct. App. 1994), *rev'd on other grounds by Blaze Constr. Co., Inc. v. Taxation & Revenue Dep't*, 118 N.M. 647, 884 P.2d 803 (Ct. App. 1994).

The State also argues that Defendant failed to preserve the issue. [DS 3] We disagree. As indicated above, Defendant argued that the magistrate date should control the six-month time frame. [DS 4] Next, the State argues that Defendant waived the issue by participating in hearings after the rule would have run. [MIO 6] However, parties are not mandated to pursue interlocutory relief when they believe the trial court has erred. Finally, the State argues that *Yates* should not be applied retroactively. [MIO 8] "An appellate court's consideration of whether a rule should be retroactively or prospectively applied is invoked only when the rule at issue is in fact a "'new rule'." *State v. Mascarenas*, 2000-NMSC-017, ¶ 24, 129 N.M. 230, 4 P.3d 1221. As we stated in *Yates*, we believe that the position taken by the State on the

4

merits departs from established case law and the language of the rule.  2008-NMCA-129, ¶¶ 12-15.

For the reasons set forth above, we reverse.

**IT IS SO ORDERED**.


                                            **MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**


**CELIA FOY CASTILLO, Judge**


**LINDA M. VANZI, Judge**