This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

     Plaintiff-Appellee,

v.                                  **NO. 28,662**

**LEROY ROYBAL,**

     Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Timothy L. Garcia, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
Max Shepherd, Assistant Attorney General
Albuquerque, NM

for Appellee

Robert E. Tangora, L.L.C.
Robert E. Tangora
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**KENNEDY, Judge.**

Defendant Leroy Roybal appeals the district court's denial of his motion to

dismiss. He contends the State failed to file a timely request for extension under the six-month rule and, as a result, his case should have been dismissed with prejudice. *See* Rule 5-604 NMRA. We agree. We reverse the district court and remand for proceedings consistent with this opinion.

**BACKGROUND**

A grand jury indicted Defendant on January 11, 2007, for possession of a controlled substance in violation of NMSA 1978, Section 30-31-23(D) (2005), and possession of drug paraphernalia in violation of NMSA 1978, Section 30-31-25.1 (2001). His arraignment occurred on February 16, 2007, before Judge Stephen Pfeffer. Defendant entered a plea of not guilty. Defendant then filed a motion to excuse Judge Pfeffer on February 27, 2007, and the case was reassigned to Judge Michael Vigil. Defendant's trial was set for July 5, 2007, and then reset to August 14, 2007, less than a week short of six months from the date of his arraignment.

On July 20, 2007, Defendant, in a separate case before Judge Vigil, requested Judge Vigil recuse himself because he had previously represented Defendant in another matter. Judge Vigil did so, and at the July 23, 2007, hearing in the instant case, he also recused himself. During that hearing, the State orally requested an extension under Rule 5-604, and Judge Vigil, having recused himself, stated he could not rule on the issue and advised the State to seek a ruling from another judge. After

this exchange, the record does not contain an order of recusal for Judge Vigil and is silent with regard to any actions for more than five months prior to December 13, 2007, when Defendant filed a motion to dismiss for failure to comply with Rule 5-604. On December 19, 2007, the State filed a petition for extension under Rule 5-604, indicating that the six-month rule ran on August 17, 2007, more than four months prior to the filing of the petition. Defendant opposed the extension.

The matter was eventually assigned to Judge Timothy Garcia, who granted the State's extension without a hearing in an order dated January 23, 2008. At Defendant's request, a hearing was later held on February 8, 2008, at which time the court concluded that under *State v. Dominguez*, 2007-NMCA-132, 142 N.M. 631, 168 P.3d 761, equity weighed against dismissal under Rule 5-604. The court reasoned that because Defendant requested recusal of Judge Vigil and then benefited from Judge Vigil's inability to rule on the State's oral extension request, Defendant was responsible for the delay and failed in his duty to ask the court to relinquish its jurisdiction and refer the matter to another judge. On February 19, 2008, Defendant entered a no contest plea to the charges against him, reserving his right to appeal the court's denial of his motion to dismiss.

On appeal, Defendant argues the district court improperly ignored a clear, four-month violation of Rule 5-604 and reached the equities of the case. Even assuming

3

it properly reached such equitable considerations, Defendant contends that those nonetheless weigh in favor of dismissal. The State has filed no responsive pleadings in this matter. We therefore consider these issues on the basis of Defendant's brief alone. *See Lozano v. GTE Lenkurt, Inc.*, 1996-NMCA-074, ¶ 30, 122 N.M. 103, 920 P.2d 1057 ("Our Rules of Appellate Procedure do not require an answer brief to be filed; instead, where no brief is filed, the cause may be submitted upon the brief of the appellant."); *Cobb v. Otero County Assessor*, 100 N.M. 207, 210, 668 P.2d 323, 326 (Ct. App. 1983) (affirming a lower court's decision in the absence of an answer brief).

**DISCUSSION**

The six-month rule requires the commencement of a defendant's trial within six months of his arraignment or other triggering event. Rule 5-604(B)(1)-(8); *see* Rule 5-104(A) (computation of time). Upon a showing of "good cause," the district court may grant an extension of this requirement, so long as the party seeking the extension files a petition with the court during the six-month limit. Rule 5-604(C), (D). But in the event of "exceptional circumstances," the party seeking the extension may have ten additional days in which to file its petition. Rule 5-604(D). If not brought to trial in accordance with the requirements of Rule 5-604, the case against a defendant "shall be dismissed with prejudice." Rule 5-604(E)(2). A defendant's right to a speedy trial under the six-month rule is not contingent; it "is a criminal defendant's right, not that

4

of the State, the courts, or any other party[.]" *State v. Savedra*, 2010-NMSC-025, ¶ 8, ___ N.M. ___, 236 P.3d 20, *cert. denied*, 2010-NMCERT-___, ___ N.M. ___, ___ P.3d ___ (No. 31,288, June 24, 2010).[1] Our courts have described the six-month rule as a bright-line rule, meant to insure the timely disposition of criminal cases. *Dominguez*, 2007-NMCA-132, ¶ 6. Even so, we have cautioned that the rule should not be interpreted so as to defy common sense or effect hypertechnical dismissal. *Id.*; *State v. Jaramillo*, 2004-NMCA-041, ¶ 13, 135 N.M. 322, 88 P.3d 264 (Vigil, J., specially concurring); *State v. Eden*, 108 N.M. 737, 741-42, 779 P.2d 114, 118-19 (Ct. App. 1989); *see State v. Lobato*, 2006-NMCA-051, ¶¶ 28-30, 139 N.M. 431, 134 P.3d 122 (discussing various considerations to assist in determining when dismissal would be unreasonable or hypertechnical). Courts therefore must strike a balance between enforcing the rule as written and preventing unreasonable applications that defy common sense.

In *Lobato*, for example, this Court held that under "the common sense approach," a court may ignore a technical violation of the six-month rule where "(1) the delay inures to the benefit of the defendant or (2) the defendant acquiesces in the delay or fails to raise the issue of the . . . rule in a timely manner." 2006-NMCA-051,

[1]In *Savedra*, our Supreme Court withdrew Rule 5-604(B)-(E) and made its holding effective for all cases pending as of May 12, 2010. *Savedra*, 2010-NMSC-025, ¶ 9. We note that those changes do not apply in the instant case, which was already on appeal as of May 12, 2010.

¶ 28 (citing *State v. Mendoza*, 108 N.M. 446, 449-50, 774 P.2d 440, 443-44 (1989); *State v. Sanchez*, 109 N.M. 313, 316-17, 785 P.2d 224, 227-28 (1989); and *Jaramillo*, 2004-NMCA-041, ¶ 15). In deciding whether to relax the standard, courts may also consider whether the defendant "took affirmative action . . . that could have further delayed his trial." *Id.* ¶ 29; *see Dominguez*, 2007-NMCA-132, ¶ 21 (observing that defendant "neither benefited from, caused, nor stipulated to any delay in bringing him to trial" and did not "wait until the last moment or take an unreasonably lingering amount of time to move for dismissal"). We apply a de novo standard of review to a district court's interpretation of the six-month rule. *Id.* ¶ 8.

Applying these principles, we hold the district court improperly granted the State's untimely petition for an extension under the six-month rule. Although the record indicates the State did make an oral request to Judge Vigil within the required time limit, Judge Vigil made it clear he was unable to rule on the matter due to his recusal. He instructed the State to seek a ruling elsewhere, but the State never followed through. Instead, it waited more than four months, long after the expiration of the six-month rule, to seek a valid extension; and it did so only after Defendant had already moved for dismissal under the rule. It is well-established that an "accused has no duty to bring on his trial." *State v. Mascarenas*, 84 N.M. 153, 155, 500 P.2d 438, 440 (Ct. App. 1972). As this case aptly illustrates, the State must bear the

6

responsibility "to get on with the prosecution, both out of fairness to the accused and to protect the community interests in a speedy trial." *Id.* In this case, the State was well-aware of its failure to receive an extension from Judge Vigil and never sought a ruling from another judge. It did so only as a reaction to Defendant's motion for dismissal more than four months later. "The crux of the six-month rule is promptness." *Dominguez*, 2007-NMCA-132, ¶ 22. We hold on these facts that the district court improperly granted the State's late request.

Furthermore, we disagree with the district court's conclusion that the equities favor the State because Defendant caused and/or benefited from the delay. While true that Defendant sought Judge Vigil's recusal, it does not follow that he was responsible for the State's failure to seek a ruling on its motion. It was the State, not Defendant, that waited to seek an extension after four additional months, and Defendant can bear no responsibility for that tardiness. Nor do we see any benefit, besides the mere fact of the delay itself, inuring to Defendant. Also, while true that Defendant himself waited four months to file a motion to dismiss under Rule 5-604, such a period is not *per se* untimely.

**CONCLUSION**

We reverse the district court's denial of Defendant's motion to dismiss, and we remand this case for proceedings consistent with this opinion.

**IT IS SO ORDERED**.

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**LINDA M. VANZI, Judge**