This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

　　　Plaintiff-Appellee,

v.　　　　　　　　　　　　　　　　　　　　　　**NO. 29,018**

**GLORIA ORTEGA FLORES,**

　　　Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Michael T. Murphy, District Judge**

Gary K. King, Attorney General
Anita Carlson, Assistant Attorney General
Santa Fe, NM

for Appellee

Steven L. Almanza
Las Cruces, NM

for Appellant

## MEMORANDUM OPINION

**GARCIA, Judge.**

　　　Defendant appeals her convictions for aggravated driving while under the

influence (DUI) contrary to NMSA 1978, Section 66-8-102(D)(3) (2008) (amended 2010) and failure to have operating tail lights contrary to NMSA 1978, Section 66-3-805(A) (1978). Defendant raises three issues on appeal: (1) the State failed to bring the case to trial within six months after her arraignment in magistrate court; (2) the district court erred in granting the State's request for an extension of time due to exceptional circumstances; and (3) the district court erred in denying Defendant's motion to suppress evidence. In a previous memorandum opinion, we reversed Defendant's convictions based upon the first two issues. *State v. Ortega Flores*, No. 29,018, slip op. at 10 (N.M. Ct. App. Nov. 3, 2010). Our Supreme Court granted a writ of certiorari and held this case in abeyance pending the dispositions in *State v. Martinez*, 2011-NMSC-010, 149 N.M. 370, 249 P.3d 82, and *State v. Episcopo*, No. 32,044, slip op. (N.M. Sup. Ct. Mar. 4, 2011). After deciding *Martinez* and *Episcopo*, our Supreme Court remanded this case to our Court for reconsideration in light of its dispositions in *Martinez* and *Episcopo*. We affirm.

**BACKGROUND**

In January 2008, Defendant was arrested and charged with aggravated DUI and failure to have properly operating tail lights. The arresting officer stopped Defendant for a tail light violation and speeding, and the officer expanded the scope of the stop to investigate a possible DUI after smelling a strong odor of alcohol emanating from

2

inside the vehicle. The State originally filed charges in magistrate court and subsequently refiled the case in district court. The State filed a petition for an extension of time, which was granted by the district court. Defendant filed a motion to dismiss based upon the State's failure to bring the case to trial within six months after her arraignment in magistrate court and a motion to suppress the evidence resulting from the traffic stop. The district court denied both motions. Defendant subsequently entered a plea of no contest to both charges, reserving the right to appeal the district court's denial of the motion to dismiss and motion to suppress. This appeal followed.

**DISCUSSION**

**Six-Month Rule and Petition for Extension of Time**

Defendant argues that the charges against her should be dismissed because the State failed to bring the case to trial within six months of her arraignment in magistrate court, and the district court erred in granting an extension of the six-month rule pursuant to the former Rule 5-604(E) NMRA (2008). We review a district court's application of the six-month rule de novo. *State v. Dominguez*, 2007-NMCA-132, ¶ 8, 142 N.M. 631, 168 P.3d 761.

The parties agree on the time line of events in this case. Defendant filed a waiver of arraignment in magistrate court on January 31, 2008. On March 20, 2008,

the magistrate court set the pretrial conference for May 13, 2008. Neither party sought any continuances while the case was in magistrate court. On May 2, 2008, the State refiled the charges in district court, nearly three months before the expiration of the six-month rule on July 31, 2008. Defendant filed a waiver of arraignment in district court on May 7, 2008, and the parties proceeded with discovery. On May 14, 2008, the district court gave the parties notice that a bench trial would be held on September 9, 2008. The court also entered a scheduling order on that date, erroneously informing the parties that the six-month rule would expire on November 7, 2008.

On July 25, 2008, this Court filed *State v. Yates*, clarifying that the triggering date for application of the former six-month rule in district court was the date of arraignment in magistrate court. 2008-NMCA-129, ¶ 16, 114 N.M. 859, 192 P.3d 1236, *aff'd by State v. Savedra*, 2010-NMSC-025, 148 N.M. 301, 236 P.3d 20. The parties agree that under *Yates*, the former six-month rule would have expired on July 31, 2008. After allegedly learning of the *Yates* decision on August 1, 2008, the State filed a petition for extension of time on August 13, 2008, under the provisions of Rule 5-604(C), (E) that were then in effect. The State conceded that it was filing the petition after the expiration of the six-month rule under *Yates*, but argued that the change in the law identified in *Yates* constituted an exceptional circumstance,

4

allowing the State ten additional days in which to petition for an extension of time. Defendant opposed the petition and filed a motion to dismiss based on a violation of the six-month rule.

The district court found that the six-month rule period expired on July 31, 2008, based upon the triggering date of arraignment in magistrate court. However, the court granted an extension of time based on the showing of good cause for an extension by the State. The court reasoned that the primary principle driving its decision was that both sides should have their day in court to adjudicate cases on their merits and further reasoned that there was no evidence that the delay prejudiced Defendant. Additionally, the court determined that the State's petition was timely because *Yates* constituted an exceptional circumstance, and the State diligently attempted to comply with the six-month rule. Consequently, the court denied Defendant's motion to dismiss. On Defendant's scheduled trial date of September 9, 2008, Defendant entered a plea agreement and reserved her right to appeal this issue.

While this case was pending on appeal, our Supreme Court addressed a similar circumstance in which the State dismissed charges in magistrate court and refiled charges in district court in *Savedra*, 2010-NMSC-025, ¶ 1. *Savedra* first recognized that the triggering date of the former six-month rule for district court was the date of arraignment in magistrate court. *Id.* ¶ 5. Additionally, *Savedra* withdrew the six-

5

month rule provisions for district court that were formerly set forth in Rule 5-604(B) through (E) for all pending and future cases. *Savedra*, 2010-NMSC-025, ¶ 9. Instead, *Savedra* now requires that a defendant raise any concerns regarding impermissible delays pursuant to the right to a speedy trial. *Id.* In *Martinez*, our Supreme Court clarified that *Savedra* controls all cases that were pending before any court on May 12, 2010. *Martinez*, 2011-NMSC-010, ¶¶ 10, 12.

Defendant's arguments are governed by *Savedra* because this case was pending before this Court on May 12, 2010. The district court granted an extension of time under the pre-*Savedra* procedure set forth in the former six-month rule provisions for district court. *See* Rule 5-604(C), (E) (providing that the district court may grant an extension of time for good cause shown and that a motion for extension of time may be filed within ten days after the expiration of the six-month period if the delay in filing the petition is based on exceptional circumstances). In doing so, the court denied Defendant's motion to dismiss for a six-month rule violation pursuant to the former Rule 5-604(F), which provided for dismissal of cases that were not brought to trial within six months of arraignment in magistrate court. *Savedra*, 2010-NMSC-025, ¶ 5. Based upon *Savedra* and *Martinez*, these provisions are no longer applicable to this case. As a result, Defendant's arguments concerning a violation of the former six-month rule for district court are now moot. Under *Savedra,* we must affirm the district

6

court's denial of Defendant's motion to dismiss unless we conclude that the State failed to meet its burden to show that its dismissal and refiling of the charges were not done to circumvent the six-month rule that still applies for magistrate court cases under Rule 6-506(B)-(E) NMRA and Rule 6-506A(D) NMRA. *Savedra*, 2010-NMSC-025, ¶¶ 9-10. Defendant does not raise any issue concerning his right to a speedy trial. *Id.* ¶ 9.

In the record before this Court, we find nothing to suggest that the State was attempting to circumvent the magistrate court six-month rule. The record does not reflect any continuances in either magistrate or district court. Furthermore, the State was not at risk of a magistrate court dismissal for failure to comply with the six-month rule in that court because nearly three months remained in the six-month rule period when the State refiled the charges in district court. Rather, the State asserts that it refiled charges in district court in order to avoid the delay in waiting for a pretrial conference in magistrate court. Just twelve days after the State refiled charges in district court, the court scheduled a bench trial and erroneously informed the parties that the scheduled trial was within the six-month rule period. Upon learning that the six-month rule was triggered by arraignment in magistrate court, the State promptly alerted the court that it had erred in calculating the six-month rule date and that the six-month rule would actually expire prior to the scheduled bench trial. At the same

7

time, the State filed a petition for an extension of time in order to accommodate the trial date previously scheduled by the district court, and the court found good cause for an extension of time. As a result, the record reflects that the State attempted to comply with the six-month rule and that any delay appeared to be the result of court docketing issues. We find no indication in the record that the State's motive in dismissing and refiling was to avoid application of the magistrate court six-month rule.

In withdrawing the six-month rule for district court, our Supreme Court expressed dissatisfaction with dismissals based on hyper-technical adherence to the six-month rule because they undercut the strong public policy favoring resolution of criminal cases on their merits. *Martinez*, 2011-NMSC-010, ¶¶ 9-10. Here, the district court denied Defendant's motion to dismiss based upon the principle that both sides should have their day in court to adjudicate cases on their merits and also found that the State diligently attempted to comply with the former six-month rule. Accordingly, we affirm the district court's denial of Defendant's motion to dismiss.

**Motion to Suppress**

Defendant claims that the police officer who stopped her did not have reasonable suspicion to justify the traffic stop under the Fourth Amendment to the United States Constitution. As a result, Defendant contends that the district court

erred in denying her motion to suppress evidence obtained during the stop.

The district court's denial of Defendant's suppression motion presents a mixed question of fact and law. *State v. Leyva*, 2011-NMSC-009, ¶ 30, 149 N.M. 435, 250 P.3d 861. "We view the facts in the manner most favorable to the prevailing party and defer to the district court's findings of fact if substantial evidence exists to support those findings." *State v. Hubble*, 2009-NMSC-014, ¶ 5, 146 N.M. 70, 206 P.3d 579 (internal quotation marks and citation omitted). However, we review the district court's determination of whether reasonable suspicion existed de novo based on the totality of the circumstances. *Leyva*, 2011-NMSC-009, ¶ 30.

A traffic stop must be conducted in a reasonable manner in order to satisfy the Fourth Amendment. *Hubble*, 2009-NMSC-014, ¶ 7. To determine whether a traffic stop was reasonable, we first consider whether the stop was justified at its inception and then consider whether the length of the detention was reasonable based upon the scope of the circumstances that caused the officer to stop the vehicle. *Leyva*, 2011-NMSC-009, ¶¶ 19, 31. A police officer must have reasonable suspicion that an individual is involved in illegal activity before conducting a traffic stop. *State v. Anaya*, 2008-NMCA-020, ¶ 6, 143 N.M. 431, 176 P.3d 1163. Furthermore, reasonable suspicion of a traffic violation supplies a lawful basis for a traffic stop. *See State v. Vandenberg*, 2003-NMSC-030, ¶ 21, 134 N.M. 566, 81 P.3d 19 (noting that

9

reasonable suspicion of a traffic law violation supplies the initial justification for stopping a vehicle). "A reasonable suspicion is a particularized suspicion, based on all the circumstances that a particular individual, the one detained, is breaking, or has broken, the law." *State v. Jason L.*, 2000-NMSC-018, ¶ 20, 129 N.M. 119, 2 P.3d 856.

Defendant argues that the traffic stop was not justified by reasonable suspicion at its inception, but does not otherwise contest the validity of the stop. Officer Diego Herrera, who conducted the traffic stop and eventually arrested Defendant, testified that he stopped Defendant's car because she was speeding, and he also observed a tail light violation. Section 66-3-805(A) requires all motor vehicles to have at least one tail light that emits a red light plainly visible from a distance of five hundred feet behind the vehicle. Additionally, NMSA 1978, Section 66-7-301(B)(2) (2002), provides that a driver's speed shall be controlled as necessary to comply with the legal requirements established by the state highway and transportation department or the New Mexico state police division as well as the duty of all persons to exercise due care.

Officer Herrera was patrolling when he clocked Defendant's vehicle traveling forty-five miles per hour in a thirty-five mile per hour zone. Initially, he had not decided whether to stop Defendant for the speeding violation. However, as

Defendant's vehicle passed him going in the opposite direction, he noticed in his rear-view mirror that the vehicle also had two broken tail lights and that the lights were emitting a white light. At that point, Officer Herrera decided to stop Defendant's vehicle based upon the speeding violation and the law requiring tail lights to emit a red light. Officer Herrera acknowledged that after he stopped the vehicle and walked toward it, he could see both white and red light emitting from the broken tail lights but maintained that the light looked bright white at a distance. He further testified that the tail lights appeared to emit a white light when viewed from a distance of five hundred feet. Officer Herrera issued a citation to Defendant for the tail light violation and issued a verbal warning for the speeding violation.

Officer Herrera articulated facts that would lead a reasonable person to believe that Defendant was speeding and also violated Section 66-3-805(A). First, Officer Herrera testified that Defendant's vehicle was traveling ten miles per hour over the posted speed limit. Second, Officer Herrera testified that the tail lights appeared to be emitting a white light, contrary to the Section 66-3-805(A) requirement that tail lights plainly emit a red light at a distance of five hundred feet. In addition, Defendant admitted that the tail lights were broken, that she had put tape on the tail lights, and that the tape was cracked in some parts. Viewing the evidence in the light most favorable to the district court's ruling and indulging all reasonable inferences in favor

11

of that ruling, Officer Herrera had reasonable suspicion to stop Defendant's car for both speeding and tail light violations. *See Jason L.*, 2000-NMSC-018, ¶ 10. We affirm the denial of Defendant's motion to suppress.

Defendant also argues that the district court erred by not admitting Officer Herrera's video from the night of the arrest at the suppression hearing. Defendant contends that "the video would show that most of the . . . tail lamps were reflecting red," and thus demonstrate that Officer Herrera lacked reasonable suspicion to initiate the stop. Defendant also asserts that the video should have been admitted because Officer Herrera's testimony at the suppression hearing was inconsistent with his earlier testimony and Defendant's testimony regarding whether the basis of the stop was speeding or a tail light violation. We review the admission or exclusion of evidence for an abuse of discretion. *State v. Johnson*, 2010-NMSC-016, ¶ 40, 148 N.M. 50, 229 P.3d 523. "A [district] court abuses its discretion when its ruling is clearly against the logic and effect of the facts and circumstances of the case." *State v. Riley*, 2010-NMSC-005, ¶ 28, 147 N.M. 557, 226 P.3d 656 (internal quotation marks and citation omitted).

The district court ultimately concluded that Officer Herrera had reasonable suspicion for the stop based upon the testimony at the hearing and that admission of the video was unnecessary. The State argued that the video was irrelevant because the

12

video only showed Defendant's tail lights when Officer Herrera was close to the car and not at a distance as required under Section 66-3-805(A). Defendant has not demonstrated that the video taken in close proximity to Defendant's vehicle would have contradicted Officer Herrera's testimony that the tail lights appeared to emit a white light at a distance. Furthermore, even assuming that Officer Herrera was mistaken regarding whether the tail light plainly emitted a red light, Officer Herrera was still entitled to briefly detain Defendant to check her vehicle's documentation once he had initiated a valid stop based on his belief that the tail lights appeared to emit a white light at a distance. *See Vandenberg*, 2003-NMSC-030, ¶¶ 40-42 (reasoning that even after the officer realized that he was mistaken in his belief that the vehicle did not have a license plate, he was still entitled to detain the driver briefly to check his documentation once the vehicle was validly stopped). Additionally, Officer Herrera articulated facts sufficient for a reasonable person to believe that Defendant was exceeding the speed limit and therefore had another valid basis for the stop. *See id.* ¶¶ 7, 21 (concluding that the officer had reasonable suspicion to stop the defendant's vehicle based on the officer's testimony that the vehicle was speeding). Under the circumstances, the district court did not abuse its discretion in denying admission of the video at the suppression hearing, and we affirm the district court.

**CONCLUSION**

For the foregoing reasons, we affirm Defendant's convictions.

**IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**CELIA FOY CASTILLO, Chief Judge**

_____
**JAMES J. WECHSLER, Judge**