This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                             NO.  33,198

**CHARLES CAUFFMAN,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Jane Shuler Gray, District Judge**

Gary K. King, Attorney General
Albuquerque, NM

for Appellee

Charles Cauffman
Carlsbad, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**KENNEDY, Chief Judge.**

**{1}** Charles Cauffman (Defendant) appeals his conviction for trafficking. We issued a notice of proposed summary disposition proposing to dismiss the appeal for lack of jurisdiction on January 8, 2014. Defendant filed a memorandum in opposition on February 5, 2014, which we have duly considered. We are persuaded by Defendant's argument that this appeal should be accepted as timely filed. However, we affirm Defendant's conviction.

**{2}** In our notice of proposed summary disposition, we noted that Defendant entered into a guilty plea to one charge of trafficking, and the district court entered its judgment and sentence on March 15, 2013. [RP 50-53, 57] Under the applicable rules of appellate procedure, Defendant had thirty days in which to file a notice of appeal. *See* Rule 12-201(A)(2) NMRA. Defendant did not file a notice of appeal until June 17, 2013, sixty-three days after the time for doing so had expired. [RP 71] In a criminal case, despite an untimely notice of appeal, this Court reaches the merits of the appeal pursuant to *State v. Duran*, 1986-NMCA-125, ¶¶ 4-6, 105 N.M. 231, 731 P.2d 374 (stating that there is a conclusive presumption of ineffective assistance of counsel where notice of appeal is not filed within the time limit required). However, where the defendant has entered into an unconditional guilty plea, as in this case, the *Duran* presumption does not apply. *See State v. Peppers*, 1990-NMCA-057, ¶ 21, 110 N.M. 393, 796 P.2d 614 (stating that conclusive presumption adopted in *Duran* is not extended to appeals from guilty or no contest pleas).

{3}     Since the *Duran* presumption does not apply to allow us to hear Defendant's appeal, we consider whether there are any unusual circumstances which would permit this Court to review the merits of Defendant's appeal. *See State v. Dominguez*, 2007-NMCA-132, ¶ 10, 142 N.M. 631, 168 P.3d 761 (stating that we will excuse an untimely appeal only in exceptional circumstances beyond the control of the parties). In our notice of proposed summary disposition, we noted that Defendant filed a motion on May 20, 2013, in district court seeking an extension to file a notice of appeal, in which he states that his lawyer failed to file an appeal on his behalf. [RP 69] However, we stated that Defendant's motion for extension of time was not timely, and the district court could not have granted an extension at that point because more than sixty days had passed since the judgment and sentence was entered. *See* Rule 12-201(E)(4) (stating that no motion for extension of time to file the notice of appeal may be granted after sixty days from the time the appealable order was entered).

{4}     Defendant responds in his memorandum in opposition that he originally filed for an extension of time on March 22, 2013, and the district court clerk refused to accept the motion on the basis that it lacked a CR number, and Defendant did not attach an order of denial from the district court. We will accept this assertion as true for purposes of this appeal. *See Bustillos v. Constr. Contracting*, 1993-NMCA-142, ¶ 2, 116 N.M. 673, 866 P.2d 401 ("We accept as true the undisputed assertions of fact stated in the docketing statement and the parties' memoranda in opposition to our

3

calendar notices."). Pursuant to district court Rule 5-103(F) NMRA, "[t]he clerk shall not refuse to accept for filing any paper presented for that purpose solely because it is not presented in proper form as required by these rules or any local rules or practices." Defendant's motion for extension of time to file a notice of appeal would have been timely had the district court clerk not improperly rejected it for filing. We note that the notice of appeal would still have been filed late, even had the district court granted an extension. However, since the delay in filing the notice of appeal appears at least partly attributable to error by the district court, we will accept this appeal despite the late notice of appeal. *See Trujillo v. Serrano*, 1994-NMSC-024, ¶¶ 16-18, 117 N.M. 273, 871 P.2d 369 (holding that there would be unusual circumstances to excuse the late filing of a notice of appeal to the district court if the untimely filing was caused by the magistrate court and remanding for a finding of fact on this issue).

{5}     However, in the notice of proposed disposition, we also stated that even if Defendant had filed a timely notice of appeal, we would not be able to afford him relief. Defendant seeks to challenge his plea agreement on the basis that he received ineffective assistance of counsel, but he did not file a motion to withdraw his plea agreement below. [DS 1-4] Where the defendant does not move to withdraw a plea agreement in district court, we cannot review the claim for the first time on appeal. *See State v. Andazola*, 2003-NMCA-146, ¶ 25, 134 N.M. 710, 82 P.3d 77 (holding

4

that if the defendant fails to file a motion in the trial court to withdraw his plea, he cannot attack it for the first time on appeal); *State v. Dominguez*, 2007-NMSC-060, ¶ 14, 142 N.M. 811, 171 P.3d 750 (holding that the defendant failed to preserve his objection to his guilty plea because he failed to move to withdraw his plea in district court). Defendant does not indicate that this disposition is incorrect in his memorandum in opposition. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 ("A party responding to a summary calendar notice must come forward and specifically point out errors of law and fact."); *Frick v. Veazey*, 1993-NMCA-119, ¶ 2, 116 N.M. 246, 861 P.2d 287 (stating that a failure to respond to a calendar notice constitutes acceptance of the proposed disposition).

{6}    We therefore affirm Defendant's conviction. We note, however, Defendant can pursue his claims of ineffective assistance of counsel through a petition for habeas corpus relief, pursuant to Rule 5-802 NMRA.

{7}    **IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Chief Judge**

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**


_____
**TIMOTHY L. GARCIA, Judge**