# IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

**Opinion Number: 2011-NMSC-010**

**Filing Date: February 25, 2011**

**Docket No. 32,069**

**STATE OF NEW MEXICO,**

       **Plaintiff-Petitioner,**

**v.**

**ELISEO SANTOS MARTINEZ,**

       **Defendant-Respondent.**

**ORIGINAL PROCEEDING ON CERTIORARI**
**Stephen D. Pfeffer, District Judge**

Gary K. King, Attorney General
Anita Carlson, Assistant Attorney General
Santa Fe, NM

for Petitioner

Hugh W. Dangler, Chief Public Defender
Eleanor Brogan, Assistant Appellate Defender
Santa Fe, NM

for Respondent

## OPINION

**BOSSON, Justice.**

**BACKGROUND**

**{1}** Defendant Eliseo Santos Martinez was indicted on one count of aggravated burglary in violation of NMSA 1978, Section 30-16-4(C) (1963); one count of aggravated battery in violation of NMSA 1978, Section 30-3-5(C) (1969); and two counts of conspiracy in violation of NMSA 1978, Section 30-28-2 (1979). On April 14, 2008, the district court dismissed all charges due to a violation of Rule 5-604 NMRA, otherwise known as the "six-

1

month rule," which prescribes a time limit for the prosecution of criminal cases in district court. In October 2009, the Court of Appeals affirmed the district court's ruling; we accepted the State's petition for writ of certiorari. *State v. Martinez*, 2010-NMCA-003, 147 N.M. 500, 226 P.3d 14, *cert. granted*, 2009-NMCERT-012, 147 N.M. 601, 227 P.3d 91.

**{2}** Shortly after the State filed its brief in chief in this Court, we issued *State v. Savedra*, 2010-NMSC-025, 148 N.M. 301, 236 P.3d 20. *Savedra* withdrew the six-month rule "effective for all cases pending as of the date this Opinion is filed," but also announced that the rule would remain operative in our courts of limited jurisdiction. *Id.* ¶ 9. Rather than rely upon an overly technical application of the six-month rule, *Savedra* instructed district courts to utilize the *Barker v. Wingo*, 407 U.S. 514 (1972), speedy trial factors under the Sixth Amendment to the United States Constitution, *Savedra*, 2010-NMSC-025, ¶ 8, "whenever . . . impermissible delay has occurred; whether that delay is the result of a dismissal and refiling or any other cause," *id.* ¶ 9.

**{3}** The question now presented is whether Defendant's case was still "pending" at the time *Savedra* issued on May 12, 2010, such that the six-month rule no longer controls his case. According to Defendant, *Savedra* applies only to cases that were pending in *district court* as of May 12, 2010. Since the district court had dismissed all criminal charges well before May 12, 2010, Defendant argues that his case was no longer "pending" as of that date, and therefore the six-month rule continues to control the disposition of his case. On the other hand, the State argues that a case is pending until the appellate process has been ultimately exhausted. Accordingly, the State contends that it is *Savedra*, and not the six-month rule, which controls the outcome of this case.

## ANALYSIS

**{4}** In a series of unpublished memorandum opinions, our Court of Appeals has understandably struggled to define *Savedra's* use of the word "pending." For example, in *State v. Clymo*, No. 30,005, slip op. at 3 (N.M. Ct. App. Aug. 16, 2010), the Court reasoned that a case on appeal at the time *Savedra* issued was still pending and should otherwise fall within the ambit of the rule change. According to *Clymo*, "pending" is synonymous with "not finalized," and under New Mexico law a case is final only "'when a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied.'" *Id.* (quoting *State v. Nunez*, 2000-NMSC-013, ¶ 114, 129 N.M. 63, 2 P.3d 264).

**{5}** However, in *State v. Sanchez*, Nos. 29,261 & 29,341 (consolidated), slip op. at 4-5 (N.M. Ct. App. Oct. 13, 2010), a subsequent panel of the Court of Appeals reached the opposite conclusion, holding that a case on appeal at the time *Savedra* issued was no longer pending and, therefore, remained subject to the six-month rule. To support its holding, *Sanchez* cited the New Mexico Compilation Commission's website, which had published a compiler's note explaining that Rule 5-604 was "withdrawn for cases pending in the district court on or after May 12, 2010." *Id.* at 4; *see also* Rule 5-604 (rev. 2010) compiler's

note (available at http://www.conwaygreene.com/nmsu/lpext.dll?f=templates&fn=main-h. htm&2.0 (last visited Feb. 17, 2011)). *Sanchez* also quoted *New Mexico Mining Commission v. United Nuclear Corp.*, which determined that "'a case must be pending in the tribunal that will be affected by the rule change for Article IV, Section 34 [of the New Mexico Constitution] to apply.'" *Sanchez*, Nos. 29,261 & 29,341 at 4-5 (quoting *N.M. Mining Comm'n*, 2002-NMCA-108, ¶ 4, 133 N.M. 8, 57 P.3d 862).

**{6}** Shortly thereafter, the Court of Appeals issued *State v. Ortega Flores*, No. 29,018, slip op. at 2-3 (N.M. Ct. App. Nov. 3, 2010), which followed *Sanchez* and again held that a case on appeal at the time of *Savedra* was no longer pending and, therefore, remained subject to the six-month rule. *Ortega Flores* found it instructive that this Court had resolved *Savedra* by applying the six-month rule to the particular dispute at issue in that case, rather than the rule change. *Ortega Flores*, No. 29,018, slip op. at 3. The Court of Appeals also relied on *State v. Pieri*, 2009-NMSC-019, 146 N.M. 155, 207 P.3d 1132, to support its conclusion. In *Pieri*, we modified a previous rule allowing criminal defendants the opportunity to withdraw from a plea bargain if the sentencing court rejected the parties' stipulated sentencing recommendation. 2009-NMSC-019, ¶ 1. We applied our holding to that case and prospectively thereafter, with one "limited retroactive exception." *Id.* ¶ 34. The holding also applied to all pending cases in which the defendant had not entered into a plea agreement. *Id.*

**{7}** Normally, *Pieri*'s limited retroactivity presents a workable model for criminal cases. In the criminal context, better practice usually demands that rule changes apply prospectively in cases where district courts have already applied a previous version of a rule. The Court of Appeals' reliance on *Pieri* was therefore prudent and understandable, particularly in the absence of any direct guidance from this Court. However, no single approach fits every situation. In our view, the special policy concerns that informed *Savedra* justify departing from the norm in the context of the six-month rule.

**{8}** We implemented the six-month rule in response to the U.S. Supreme Court's decision in *Barker*, 407 U.S. 514. *See State v. Garza*, 2009-NMSC-038, ¶ 43, 146 N.M. 499, 212 P.3d 387. The rule was initially intended to be a case management tool that would "'provide the courts and parties with a rudimentary warning of when speedy trial problems may arise.'" *Savedra*, 2010-NMSC-025, ¶ 2 (quoting *Garza*, 2009-NMSC-038, ¶ 46). Yet, as our jurisprudence in this area evolved, the six-month rule became increasingly unmoored from its constitutional and proactive origins. *See, e.g.*, *State v. Manzanares*, 1996-NMSC-028, ¶ 6, 121 N.M. 798, 918 P.2d 714 ("[O]nly incidentally may [the six-month rule's] implementation turn on factors determinative of constitutional rights."). For example, unlike speedy trial claims, the six-month rule did not require "a clear showing of prejudice to the accused" for the doctrine to be successfully invoked. *Duran v. Eichwald*, 2009-NMSC-030, ¶ 9, 146 N.M. 341, 210 P.3d 238 (per curiam). In addition, while the most technical violation of the six-month rule could result in mandatory dismissal, a court's obligation to conduct a speedy trial inquiry even in a *simple case* is not generally triggered until at least one year of delay has occurred. *Id.* ¶ 14 ("while dismissal may seem like an excessive

remedy, unfortunately, no less drastic remedies are available to us under the version of the six-month rule"); *Garza*, 2009-NMSC-038, ¶¶ 21, 48 ("'presumptively prejudicial' length of delay is simply a triggering mechanism, requiring further inquiry into the *Barker* factors").

**{9}** The six-month rule was never intended to have such a broad and, at times, arbitrary reach. The rule was designed to reinforce the constitutional right to a speedy trial, not usurp that right as a stand-alone legal doctrine. For this reason, we have previously expressed our dissatisfaction with the number of highly technical dismissals under the six-month rule. *See Duran*, 2009-NMSC-030, ¶ 5. We have also observed that hyper-technical adherence to the six-month rule undercuts the strong public policy that favors resolving criminal cases on their merits. *Id.*

**{10}** These policy concerns drove our decision in *Savedra*, and persuaded this Court that the six-month rule should be withdrawn across the board for all prosecutions originating in district court, no matter at what stage of the criminal process—trial or appellate—they may have been as of May 12, 2010. Simply put, the benefits of immediately terminating the six-month rule for all pending cases outweighed other prudential concerns about the retroactivity of a rule change. Insofar as our intentions may have seemed ambiguous, we take this opportunity to clarify that *Savedra* applies to all pending cases that were not yet final as of May 12, 2010. Final is defined as any case where "'a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied.'" *Clymo*, No. 30,005, slip op. at 3 (quoting *Nunez*, 2000-NMSC-013, ¶ 114). The compiler's note to the contrary, cited in *Sanchez*, is inapplicable.

**{11}** We also take this opportunity to clarify what should have been clear from our opinion in *Pieri*, that Article IV, Section 34 of the New Mexico State Constitution does *not* apply to rule changes implemented by this Court, "[i]n the absence of some affirmative act by this Court" to the contrary. *Pieri*, 2009-NMSC-019, ¶ 35. The Court of Appeals correctly recognized that we took no such affirmative action in *Savedra*, and, in fact, we cited to *Pieri* within *Savedra* to indicate that Article IV, Section 34 did *not* apply. *See State ex rel. Children, Youth & Families Dep't v. Arthur C.*, 2011-NMCA-022, ¶ 13, ___ N.M. ___, ___ P.3d ___ (Nos. 30,113 & 30,353, Jan. 28, 2011). Former opinions of this Court that state Article IV, Section 34 does apply to court rules are no longer viable and should not be cited for that proposition. *See, e.g.*, *Marquez v. Wylie*, 78 N.M. 544, 545-46, 434 P.2d 69, 70-71 (1967).

**{12}** Accordingly, *Savedra* controls the disposition of this case and all others that were pending before any court at the time we issued our Opinion.

**CONCLUSION**

**{13}** We reverse the Court of Appeals and remand to the district court for reinstatement

4

of the criminal charges against Defendant.  On remand, Defendant may assert a speedy trial claim, if he has any, as set forth in *Savedra*.

**{14}    IT IS SO ORDERED.**

_____
**RICHARD C. BOSSON, Justice**

**WE CONCUR:**

_____
**CHARLES W. DANIELS, Chief Justice**


_____
**PATRICIO M. SERNA, Justice**


_____
**PETRA JIMENEZ MAES, Justice**


_____
**EDWARD L. CHÁVEZ, Justice**

**Topic Index for *State  v. Martinez*, Docket No. 32,069**

| **CT** | **CONSTITUTIONAL LAW** |
|---|---|
| CT-ST | Speedy Trial |
| CT-NM | New Mexico Constitution, General |

| **CA** | **CRIMINAL PROCEDURE** |
|---|---|
| CA-CT | Speedy Trial |
| CA-TL | Time Limitations |