This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

   Plaintiff-Appellee,

v.                                                                    **NO.   30,685**

**TONY BURTON,**

   Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Lisa C. Schultz, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
M. Anne Kelly, Assistant Attorney General
Albuquerque, NM

for Appellee

Law Offices of Nancy L. Simmons, P.C.
Nancy L. Simmons
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

Tony Burton (Defendant) appeals from his conviction for driving while intoxicated (DWI), contrary to NMSA 1978, Section 66-8-102 (2008) (amended 2010). Defendant contends that it was error for the district court to grant the State's motion to continue and to try his case after he moved for dismissal based upon a violation of the six-month rule set forth in Rule 5-604 NMRA. As of March 23, 2011, a new rule applies to all pending cases. After analyzing this case in light of the new rule, we affirm.

## I. BACKGROUND

Because Defendant argues that his case should have been dismissed under the six-month rule, we must examine the timing of his case. Defendant was initially arraigned in the Doña Ana magistrate court on November 2, 2009. Defendant invoked his right to a trial by jury and, as a result, the State dismissed the action in magistrate court. Defendant was arraigned in district court on February 8, 2010. On May 3, 2010, the State filed a motion to continue the trial. Defendant opposed the motion and filed a motion to dismiss the case on May 5, 2010, asserting that, pursuant to Rule 5-604, the six-month rule had expired. Defendant further argued that, in order to grant the State's motion for a continuance, the district court was required to find "exceptional circumstances"—the standard for continuances requested by the State

2

contained in the magistrate court rule. Defendant additionally stated before the district court that he was not asserting a speedy trial issue, but instead was merely arguing that the six-month rule had been violated. The district court disagreed, denied Defendant's motion to dismiss, found good cause for the continuance, and continued the trial to the next day, May 7, 2010. Defendant subsequently entered into a conditional plea agreement, pleading guilty to DWI, but reserving the right to appeal the district court's grant of the State's motion to continue and denial of his motion to dismiss.

## II. DISCUSSION

Defendant argues that the district court used the wrong standard when deciding whether a continuance should be granted. This Court applies a de novo standard of review when considering legal questions concerning the interpretation of Supreme Court rules and the district court's application of the law to the facts of this case. *State v. Foster*, 2003-NMCA-099, ¶ 6, 134 N.M. 224, 75 P.3d 824.

The law regarding the six-month rule has been in flux while this case was pending. The six-month rule originally was implemented in response to the United States Supreme Court's decision in *Barker v. Wingo*, 407 U.S. 514 (1972). *State v. Martinez*, 2011-NMSC-010, ¶ 8, 149 N.M. 370, 249 P.3d 82. The rule was initially intended to be a case management tool that would provide "a rudimentary warning of when speedy trial problems may arise." *Id.* (internal quotation marks and citation

omitted).  On May 12, 2010, our Supreme Court issued *State v. Savedra*, which withdrew the six-month rule provisions set forth in Rule 5-604(B)-(E) (2009). *Savedra*, 2010-NMSC-025, ¶ 9, 148 N.M. 301, 236 P.3d 20.  Rather than apply a rigid six-month rule, *Savedra* instructed the courts to use the speedy trial factors of *Barker* "whenever . . . impermissible delay has occurred; whether that delay is the result of a dismissal and refiling or any other cause[.]"  *Martinez*, 2011-NMSC-010, ¶ 2 (alteration in original) (internal quotation marks and citation omitted).  In *Savedra,* our Supreme Court noted that, while six-month rules are useful in courts of limited jurisdiction, the district court rule was "an unnecessary and sometimes counterproductive method for protecting a defendant's right to a speedy trial." 2010-NMSC-025, ¶ 9.  Later, in *Martinez*, our Supreme Court further clarified that "[t]he six-month rule was never intended to have such a broad and, at times, arbitrary reach. The rule was designed to reinforce the constitutional right to a speedy trial, not usurp that right as a stand-alone legal doctrine." 2010-NMSC-010, ¶ 9.  The Supreme Court in *Savedra* withdrew the provisions of Rule 5-604(B)-(E) (2009) for all cases pending as of May 12, 2010, and held that defendants may instead rely upon their right to a speedy trial when impermissible delay has occurred.  *Savedra*, 2010-NMSC-025, ¶ 9.

Subsequently, the Supreme Court rewrote Rule 5-604 to reflect the holding of *Savedra*.  *See* Supreme Court Order No. 11-8300-019 (May 1, 2011).  The new rule

became effective for all cases pending in any court in New Mexico on March 23, 2011. Because this case was pending on or after March 23, 2011, we apply the new rule.

Defendant argues that "the new text of Rule 5-604, explicitly adopted as a reaction to the Supreme Court's decision in *Savedra*, does not even contemplate the question of extensions sought by the State." We disagree. The new version of Rule 5-604(B) states that "[i]f the district court does not initially schedule a refiled case within the trial deadline that would have been applicable had the case remained in the [magistrate] court, or if the court grants a continuance beyond that deadline, the defendant may move that the court consider whether the case should be dismissed for violation of the defendant's right to speedy trial[.]" The fact that the rule references continuances given by the district court, but adopts no specific rules regarding how those continuances are to be issued within Rule 5-604, means that motions for continuances should be treated the same as any other motion for continuance in district court. *See* Rule 5-101(A) NMRA (providing that the rules of criminal procedure for the district court "govern the procedure in the district courts of New Mexico in all criminal proceedings").

The granting or denial of a continuance is "within the sound discretion of the trial court, and the burden of establishing abuse of discretion rests with the

defendant." *State v. Sanchez*, 120 N.M. 247, 253, 901 P.2d 178, 184 (1995). The defendant must show not only that the court abused its discretion, but also that such abuse prejudiced the defendant. *State v. Nieto*, 78 N.M. 155, 157, 429 P.2d 353, 355 (1967). Here, Defendant failed to argue either that the court abused its discretion in allowing the continuance, or that allowing a continuance for a mere four days after the magistrate 182-day-rule would have expired caused him prejudice, and we thus find no error in the court's decision to grant the State's motion to continue.

Finally, while the new rule still references the 182-day-rule used in magistrate court, it no longer gives Defendant a remedy under that rule alone. Instead, when "the district court does not initially schedule a refiled case within the trial deadline that would have been applicable had the case remained in the [magistrate] court, or if the court grants a continuance beyond that deadline," Defendant's remedy is to assert his speedy trial rights pursuant to the factors outlined in Rule 5-604(B). Here, Defendant specifically stated below that he was not asserting his speedy trial rights and, thus, Defendant has not preserved any available remedy under Rule 5-604. Were we instead to interpret the new rule in the way Defendant argues, allowing the magistrate rule for continuances to apply in cases refiled in the district court, we would effectively recreate many of the problems *Savedra* intended to prevent, "usurp[ing

Defendant's speedy trial rights] as a stand-alone legal doctrine." *Martinez*, 2011-NMSC-010, ¶ 9.

**III.     CONCLUSION**

Accordingly, we affirm the decision of the district court.

**IT IS SO ORDERED.**


_____
**RODERICK T. KENNEDY, Judge**


**WE CONCUR:**


_____
**CYNTHIA A. FRY, Judge**


_____
**J. MILES HANISEE, Judge**