This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**CORRECTION PAGE: Cover pg, ln 13, changed "Elason" to "Eleanor"; SCMO Filed 2/14/12; St v. Lyster, No. 31,493, FYWS**

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.             **NO. 31,493**

**LARRY LYSTER,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**James Waylon Counts, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appllee

Jacqueline L. Cooper, Chief Public Defender
Eleanor Brogan, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**FRY, Judge.**

Defendant appeals his convictions for aggravated battery (felony, great bodily harm) and battery (petty misdemeanor). [RP Vol.II/483, 499] The notice proposed

to affirm and Defendant filed a timely memorandum in opposition and motion to amend the docketing statement. We deny Defendant's motion to amend his docketing statement. We further remain unpersuaded by Defendant's arguments, and therefore affirm.

Defendant seeks to amend his docketing statement to argue that he was denied effective assistance of counsel. [MIO 1, 12-14] Defendant argues his trial counsel was ineffective because: counsel spent only an hour meeting with him before the first trial and did not communicate with him before the second trial; counsel did not prepare for trial and failed to conduct any pre-witness interviews; counsel did not request the surveillance videotape showing the altercation; counsel refused to find any of the other witnesses that saw the altercation; and counsel failed to call a defense expert witness at trial. [MIO 13] These asserted deficiencies, however, either are not of record or otherwise involve trial strategy. *See State v. Stenz,* 109 N.M. 536, 538, 787 P.2d 455, 457 (Ct. App. 1990) (holding that trial counsel is not ineffective for failure to make a motion that is not supported by the record); *Lytle v. Jordan*, 2001-NMSC-016, ¶ 43, 130 N.M. 198, 22 P.3d 666 ("On appeal, we will not second guess the trial strategy and tactics of the defense counsel." (internal quotation marks and citation omitted)). Defendant also argues that his trial counsel was ineffective because counsel did not file a motion for a new trial based on juror misconduct. [MIO

13]  As discussed below, however,  there was no juror misconduct upon which to impeach the verdict.  *See Stenz,* 109 N.M. at 538, 787 P.2d at 457 (holding that trial counsel is not ineffective for failure to make a motion that is not supported by the record).  Defendant has failed to meet his burden to show that counsel's performance fell below that of a reasonably competent attorney.  *See State v. Hester*, 1999-NMSC-020, ¶ 9, 127 N.M. 218, 979 P.2d 729.  For this reason, we deny Defendant's motion to amend his docketing statement.  *See State v. Moore*, 109 N.M. 119, 128-29, 782 P.2d 91, 100-01 (Ct. App. 1989) (providing that issues sought to be presented must be viable), *overruled on other grounds by State v. Salgado*, 112 N.M. 537, 817 P.2d 730 (Ct. App. 1991).

In issue (1), Defendant cites *State v. Franklin*, 78 N.M. 127, 428 P.2d 982 (1967) and *State v. Boyer*, 103 N.M. 655, 712 P.2d 1 (Ct. App. 1985) [MIO 6-7], and continues to argue that the district court erred in denying his motion to dismiss "for violating the court's own six-month deadline to retry the case" as set forth in its mistrial order.  [MIO 5; DS 4; RP Vol.II/286] As discussed in our notice, in the interim between the district court's mistrial order and Defendant's motion to dismiss, our Supreme Court issued *State v. Savedra*, 2010-NMSC-025, ¶ 9, 148 N.M. 301, 236 P.3d 20, which eliminated portions of Rule 5-604 NMRA ("the six-month rule") effective for all cases pending in district court as of the date *Savedra* was filed.  *See*

3

*State v. Martinez*, 2011-NMSC-010, ¶ 10, 149 N.M. 370, 249 P.3d 82 (clarifying that "the six-month rule should be withdrawn across the board for all prosecutions originating in district court, no matter at what stage of the criminal process—trial or appellate—they may have been as of May 12, 2010"). Because the six-month time frame in the mistrial order was premised on Rule 5-604 prior to *Savedra*, we hold that the district court was not bound by its initial "six-month rule" date as provided in its mistrial order.

In issue (2), Defendant continues to argue that the jury improperly based its verdict on sympathy for one of the Victims. [DS 5; MIO 7] Defendant asserts that a juror told defense counsel after the verdict that he used sympathy to determine that Defendant was guilty. [MIO 8] This matter, however, is not of record. *See State v. Telles*, 1999-NMCA-013, ¶ 25, 126 N.M. 593, 973 P.2d 845 (recognizing that matters outside of the record cannot be reviewed on appeal). Moreover, the juror's alleged statement is nonetheless not an adequate basis upon which to impeach the verdict. *See* Rule 11-606(B) NMRA (prohibiting a juror from testifying "as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon that or any other juror's mind or emotions . . . or concerning the juror's mental processes in connection therewith, [the verdict]"). We further presume that the jury followed the law as provided in the jury instructions that "[n]either sympathy nor

prejudice should influence your verdict." [RP Vol.II/345] *See State v. Gonzales*, 113 N.M. 221, 230, 824 P.2d 1023, 1032 (1992) ("The jury is presumed to follow the court's instructions."). We accordingly affirm this issue.

In issue (3), Defendant continues to argue that the evidence was insufficient to support his convictions. [DS 4; MIO 8-12] We address first Defendant's conviction for aggravated battery (great bodily harm). *See* NMSA 1978, § 30-3-5(C) (1969). The facts provide that Defendant swung at Victim and struck him in the jaw, causing Victim to fall and hit his head directly on the asphalt. [DS 2] On the way to the hospital, Victim went into seizures, was airlifted to a head trauma unit in Texas, stayed at the head trauma unit for several weeks, and was eventually released with brain injuries. [DS 2-3] We hold that the jury could have reasonably relied on the foregoing evidence to convict Defendant for aggravated battery (great bodily harm). *See State v. Sparks*, 102 N.M. 317, 320, 694 P.2d 1382, 1385 (Ct. App. 1985) (defining substantial evidence as that evidence which a reasonable person would consider adequate to support a defendant's conviction). Although Defendant maintains that he acted in self-defense [DS 4; MIO 10], it was the jury's prerogative, as fact-finder, to weigh the evidence and reject Defendant's version of the events. *See generally State v. Nichols*, 2006-NMCA-017, ¶ 10, 139 N.M. 72, 128 P.3d 500 (recognizing that the jury, as trier of fact, is entitled to weigh conflicting evidence).

We next address Defendant's conviction for battery (petty misdemeanor). *See* NMSA 1978, § 30-3-4 (1963). The facts provide that Victim was employed at the rehabilitation center [DS 2] and that an altercation ensued between Defendant and others, which included Victim. [DS 2] Defendant shouted at Victim [RP Vol.I/171] and struck Victim during the time Victim was attempting to assist Alyssa Pieper. [RP Vol.I/172-73] Victim testified that she had a knot on her hand that was not there before the altercation. [MIO 7] We hold that a jury could reasonably rely on these facts to convict Defendant. *See Sparks*, 102 N.M. at 320, 694 P.2d at 1385 (defining substantial evidence as that evidence which a reasonable person would consider adequate to support a defendant's conviction). While Defendant contests that he caused the knot on Victim's hand, we hold that the jury could rely on the foregoing facts to conclude that he did. *See, e.g.*, *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176 (providing that we "view the evidence in the light most favorable to the guilty verdict, indulging all reasonable

inferences and resolving all conflicts in the evidence in favor of the verdict").

Based on our notice and the foregoing discussion, we affirm.

**IT IS SO ORDERED.**

                                          _____
                                          **CYNTHIA A. FRY, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**JONATHAN B. SUTIN, Judge**