This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                      **NO. 30,188**

**JOHNNY R. GONZALES,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**Steven L. Bell, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
M. Victoria Wilson, Assistant Attorney General
Albuquerque, NM

for Appellee

Jesse R. Cosby, P.C.
Jesse R. Cosby
Roswell, NM

for Appellant

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

Defendant appeals his conviction for second offense driving under the influence of intoxicating liquor (DWI), contrary to NMSA 1978, § 66-8-102(A) (2010), pursuant to a conditional plea. Defendant argues that the district court erred by (1) not determining that his trial was untimely under the version of Rule 5-604(B) NMRA (2009) (six-month rule) in effect at the time, and (2) denying his motion to suppress evidence, in which he argued that the traffic stop leading to the DWI charge resulted from a pretextual stop. We affirm.

**BACKGROUND**

Deputy James Seely of the Chaves County Sheriff's Office testified that, while he was parked across the street, he saw Defendant's vehicle in the parking lot of a convenience store around 11:00 p.m. Deputy Seely observed an individual leave the convenience store with what appeared to be beer and enter the passenger side of Defendant's vehicle. After the man entered the passenger seat, Defendant drove out of the parking lot and proceeded northbound on the public street without illuminating the vehicle's headlights. Deputy Seely followed Defendant's vehicle for one to two blocks, and, once he caught up to it, he made a traffic stop. Defendant had pulled up to a residence as Deputy Seely made the traffic stop. Deputy Seely testified that his sole reason for making the traffic stop was because Defendant left the parking lot and proceeded on a public roadway without turning on the vehicle's headlights.

Once Deputy Seely stopped Defendant's vehicle, the passenger exited and entered a nearby residence, ignoring Deputy Seely's orders to stop. Deputy Seely approached Defendant's vehicle on the driver's side, where Defendant was seated, and observed that Defendant's eyes were watery and bloodshot. Officer Seely also smelled a strong odor of alcohol emanating from Defendant's person and observed a six-pack of beer on the passenger side floorboard of the vehicle. Deputy Seely called in another officer to conduct field sobriety tests on Defendant, which Defendant failed. The officers arrested Defendant for DWI but did not cite Defendant for driving a vehicle on a public road without its headlights on.

The State filed a criminal complaint against Defendant in magistrate court on December 4, 2008, charging Defendant with second offense DWI. Defendant was arraigned in magistrate court the next day, on December 5, 2008. On February 17, 2009, the magistrate court held a pre-trial conference and calculated the deadline for commencing trial pursuant to the six-month rule for magistrate courts, Rule 6-506(B)(1) NMRA, as June 5, 2009.

On February 18, 2009, Defendant filed a motion to suppress evidence obtained during the traffic stop, arguing that the stop was pretextual. The magistrate court issued a notice of hearing on the motion for April 1, 2009. However, on the date of the hearing, the State filed a nolle prosequi, dismissing the case, and the hearing did

not occur.

On April 7, 2009, the State refiled the same charges in district court and filed a motion for determination of time, requesting a finding that the time for commencing trial started to run on the date Defendant was arraigned in district court. After a hearing, the district court determined that the date of calculation for purposes of Rule 5-604(B)(1) was the date of dismissal in the magistrate court, and, therefore, trial must commence on or before October 1, 2009. On September 16, 2009, the State filed a petition for extension of time, which the district court granted, extending the date to commence trial to December 30, 2009. The district court also issued a notice of trial, setting the trial for November 10, 2009. On the date of the trial, November 10, 2009, Defendant entered a conditional plea, reserving the right to appeal the district court's decision regarding the timeliness of his trial under the six-month rule, Rule 5-604(B)(1), and the denial of his motion to suppress.

**TIMELINESS OF TRIAL**

Defendant argues that, under Rule 5-604(B)(1), the six-month period in which to commence trial in the district court began on December 5, 2008, the date he was arraigned in the magistrate court. Therefore, Defendant argues that his trial date of November 10, 2009 was untimely, and the district court should have dismissed his case. We review this issue de novo. *See State v. Stephen F.*, 2006-NMSC-030, ¶ 7,

4

140 N.M. 24, 139 P.3d 184 ("We review interpretations of rules of procedure adopted by this Court de novo.").

The version of Rule 5-604(B)(1) in effect at the time of the district court proceedings, known as the six-month rule, provided that "[t]he trial of a criminal case . . . shall be commenced six (6) months after whichever of the following events occurs latest . . . the date of arraignment, or waiver of arraignment, in the district court[.]" Our Supreme Court abolished this version of Rule 5-604(B)(1) "for all cases pending" as of May 12, 2010 in *State v. Savedra*, 2010-NMSC-025, ¶ 9, 148 N.M. 301, 236 P.3d 20. In place of the six-month rule, our Supreme Court held that "defendants may rely upon and assert their right to a speedy trial whenever they believe impermissible delay has occurred[.]" *Id.* Although there was initially confusion as to whether a case on appeal is "pending" for purposes of *Savedra*, our Supreme Court in *State v. Martinez*, 2011-NMSC-010, ¶¶ 4, 10, 149 N.M. 370, 249 P.3d 82, clarified that a case on appeal is still "pending." Accordingly, because this case was pending on appeal on May 12, 2010, the six-month rule contained in the former version of Rule 5-604(B)(1) does not apply in this case.

Further, Defendant argues that if the six-month rule does not apply, we should remand this case to the district court to conduct a speedy trial analysis under the factors adopted by our Supreme Court in *State v. Garza*, 2009-NMSC-038, 146 N.M.

499, 212 P.3d 387. However, the magistrate court arraigned Defendant on December 5, 2008, and Defendant entered into the conditional plea in the district court on his trial date of November 10, 2009. The delay was less than one year, is therefore not presumptively prejudicial, and does not trigger a consideration of the speedy trial factors in *Garza*. *See State v. Loya*, 2011-NMCA-077, ¶ 10, 150 N.M. 373, 258 P.3d 1165. The delay therefore did not violate Defendant's speedy trial rights, and we do not remand to the district court to consider Defendant's speedy trial claim. *See id.* ¶ 11.

**PRETEXTUAL STOP**

Defendant argues that the initial traffic stop of his vehicle was pretextual under the New Mexico Constitution. Specifically, Defendant argues that Deputy Seely's stop for driving without his headlights on was a pretext to launch a DWI investigation, which was not supported by reasonable suspicion.

We review a district court's decision regarding a motion to suppress using a two-part standard. *State v. Pablo R.*, 2006-NMCA-072, ¶ 9, 139 N.M. 744, 137 P.3d 1198. We review factual findings using a substantial evidence standard. *State v. Neal*, 2007-NMSC-043, ¶ 15, 142 N.M. 176, 164 P.3d 57. Under this standard, "we review the facts in the light most favorable to the . . . district court's factual findings so long as substantial evidence exists to support those findings." *Id.* The application

6

of the law to the facts is a legal question, which we review de novo. *Id.*

In *State v. Ochoa*, 2009-NMCA-002, ¶ 40, 146 N.M. 32, 206 P.3d 143, this Court held that a pretextual traffic stop is one in which (1) the real purpose for the stop is not supported by reasonable suspicion and (2) the officer would not have otherwise made the stop, and that it violates Article II, Section 10 of the New Mexico Constitution. Our Supreme Court has outlined a three-step approach in determining whether an unconstitutional pretextual stop has occurred. *State v. Gonzales*, 2011-NMSC-012, ¶ 12, 150 N.M. ___, 257 P.3d 894.

> First, the State has the burden to establish reasonable suspicion to stop the motorist. If the State fails in its burden, the stop is unconstitutional. Second, if the State satisfies its burden, the defendant may still establish that the seizure was unreasonable by proving that the totality of the circumstances indicates the officer had an unrelated motive to stop the motorist that was not supported by reasonable suspicion. If the defendant does not satisfy the burden, the stop is constitutional. Third, if the defendant satisfies the burden, there is a presumption of a pretextual stop, and the State must prove that the totality of the circumstances supports the conclusion that the officer who made the stop would have done so even without the unrelated motive.

*Id.* (citations omitted).

In this case, the district court determined that the State satisfied its burden in step one of the inquiry because Deputy Seely had "probable cause to stop . . . Defendant's vehicle for driving without its headlights on." Defendant appears to contest this conclusion by arguing that the testimony at the suppression hearing

7

established that he only initially failed to turn on his headlights; that by the time Deputy Seely made the traffic stop, Defendant had turned his lights on; and that his actions did not justify Deputy Seely following him for several blocks and making a traffic stop. However, Deputy Seely's testimony that he saw Defendant turn onto a public road in a vehicle without its headlights on satisfies the State's burden of establishing reasonable suspicion for the initial stop. "It is well settled that traffic violations, even if considered common or minor, constitute prohibited conduct and, therefore, provide officers with requisite suspicion for conducting investigatory stops" and a "vehicle being operated on a public road at night is required to display lighted lamps." *State v. Vargas*, 120 N.M. 416, 419, 902 P.2d 571, 574 (Ct. App. 1995) (internal quotation marks and citations omitted). Therefore, we turn to whether the totality of the circumstances indicate that Deputy Seely had an unrelated motive to stop Defendant that was not supported by reasonable suspicion.

Defendant argues that Deputy Seely used the headlight infraction as a pretext for launching a DWI investigation. In *Ochoa*, 2009-NMCA-002, ¶ 41, this Court set out several factors for addressing the totality of the circumstances regarding pretext. We look to

> whether the defendant was arrested for and charged with a crime unrelated to the stop; the officer's compliance or non-compliance with standard police practices; whether the officer was in an unmarked car or was not in uniform; whether patrolling or enforcement of the traffic code

8

were among the officer's typical employment duties; whether the officer had information, which did not rise to the level of reasonable suspicion or probable cause, relating to another offense; the manner of the stop, including how long the officer trailed the defendant before performing the stop, how long after the alleged suspicion arose or violation was committed the stop was made, how many officers were present for the stop; the conduct, demeanor, and statements of the officer during the stop; the relevant characteristics of the defendant; whether the objective reason articulated for the stop was necessary for the protection of traffic safety; and the officer's testimony as to the reason for the stop.

*Id.*

Defendant points to several factors in arguing that the stop was pretextual. First, Deputy Seely did not cite Defendant for the traffic violation of driving a vehicle without its headlights on. However, Deputy Seely also testified that he hardly ever writes citations for driving without headlights and that he stopped Defendant to "advise him that he needs to drive on the road with headlamps." Second, Defendant contends that Officer Seely noted in his police report that the passenger came out of the convenience store with beer, and, therefore, Deputy Seely had information that did not rise to the level of reasonable suspicion to suspect a DWI. However, Deputy Seely testified that his sole reason for the stop was the headlight infraction. Third, Defendant asserts that four to six officers were present during the stop. However, this factor does not indicate pretext because Deputy Seely testified that the reason so many officers responded to the stop was because he placed a dispatch indicating that the passenger exited the vehicle, which presented an officer safety issue.

9

We now summarize testimony regarding the *Ochoa* factors that weigh against a finding that the stop was pretextual. Deputy Seely testified that he was in his uniform, which displayed his badge of office, and he was driving a fully-marked patrol unit on the night of the stop. He testified that enforcing the traffic code is part of his duties and that he sometimes issues traffic citations in the course of his duties. Further, Deputy Seely testified that it is standard police procedure to stop vehicles at night that are driving without illuminated headlights because it is a public safety issue. Deputy Seely stated that he only followed Defendant for two to four blocks and stopped Defendant's vehicle as soon as he caught up to it, and additionally that he made the stop solely for the headlight infraction, and that the alcohol purchased by the passenger had no bearing on his decision. Further, Defendant does not call into question anything regarding the conduct, demeanor, or statements of the officers during the stop that further support a finding of pretext. Deputy Seely began a DWI investigation only after observing that Defendant had a strong odor of alcohol, and bloodshot, watery eyes.

Under these circumstances, the district court did not err by determining that Deputy Seely did not use Defendant's headlight infraction as a pretext for launching a DWI investigation. *See id.* The facts that Deputy Seely did not issue a traffic citation and was aware that the passenger in Defendant's vehicle purchased alcohol

are not sufficient for Defendant to satisfy his burden that the stop was pretextual when viewed in light of the other circumstances surrounding the stop.

**CONCLUSION**

For the foregoing reasons, we affirm.

**IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Judge**

_____
**MICHAEL E. VIGIL, Judge**