This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO**,

Plaintiff-Appellee,

v.                                                                    **No. 32,886**

**BILLY BACA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Kenneth H. Martinez, District Judge**

Hector H. Balderas, Attorney General
Paula E. Ganz, Assistant Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
J.K. Theodosia Johnson, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Chief Judge.**

**{1}** Defendant appeals from multiple convictions of criminal sexual penetration (CSP), false imprisonment, and contributing to the delinquency of a minor. This is a memorandum opinion, and because the parties are familiar with the facts and procedural history of the case, it is unnecessary for us to repeat them here, except as required for our analysis.

**DISCUSSION**

**{2}** Defendant raises three issues on appeal: (1) denial of his motion to suppress; (2) whether multiple convictions for CSP and one conviction for false imprisonment violate double jeopardy; and (3) whether evidence of Victim's past conduct was improperly excluded. We vacate four convictions of CSP and one count of false imprisonment, and remand for resentencing.

**1.    Motion to Suppress**

**{3}** Defendant contends the district court erred in denying his motion to suppress statements made to the police on October 26, 2010. We affirm on the basis that Defendant's motion was not timely.

**{4}** The indictment was filed on December 6, 2010. On the first day of trial almost twenty-one months later, on September 10, 2012, the motion to suppress was filed. The State argued at trial that the motion should be denied as untimely because the statement was given shortly before the indictment was filed, the defense knew of the

statement, and no good cause was shown for filing it so late. In support of its position, the State cited to *City of Santa Fe v. Marquez*, 2012-NMSC-031, 285 P.3d 637. Defense counsel acknowledged he knew of the statement, but not until the previous Friday, (September 7, 2012). He asked Defendant why he made the statement and Defendant replied, because his probation officer told him he "had" to talk to the officer, and he felt that if he did not, his probation officer would remand him to jail. Counsel therefore felt the issue should be raised, and promptly filed the motion. The district court noted the "crushing" case load of the court, of the prosecutors, and of the public defenders—and declined to deny the motion because it was untimely. The State argued that because no reasons were provided amounting to good cause, *Marquez* required a timely motion to be filed, but the district court abided by its decision. However, after hearing Defendant's testimony, the district court denied the motion on the merits.

{5}     When Defendant's case was pending, Rule 5-212(C) NMRA of the New Mexico Rules of Criminal Procedure directed that "[a] motion to suppress shall be made within twenty (20) days after entry of a plea, unless, upon good cause shown, the trial court waives the time requirement of this rule." *Marquez*, 2012-NMSC-031, ¶ 24 (quoting Rule 5-212(C) prior to the 2013 amendment, approved by Supreme Court Order No. 13-8300-016, effective December 31, 2013).

**{6}** However, the language of the rule notwithstanding, the Committee Commentary to Rule 5-212(C) counter-stated that the rule did not require filing a motion to suppress for illegally seized evidence prior to trial. *See State v. Katrina G.*, 2008-NMCA-069, ¶ 17, 144 N.M. 205, 185 P.3d 376 (stating that a motion to suppress was not required to be made prior to trial), *overruled on other grounds by Marquez*, 2012-NMSC-031. In *Marquez*, the district court had therefore allowed a motion to suppress after trial commenced and jeopardy had attached, with the result that the prosecution was not able to appeal from the ruling. 2012-NMSC-031, ¶¶ 1-2. To correct this anomaly, our Supreme Court overruled *Katrina G.* and "prospectively" held that, "Rule 5-212 (C) requires that motions to suppress be filed before trial and that the district courts must adjudicate suppression issues before trial, absent good cause." *Marquez*, 2012-NMSC-031, ¶ 28.

**{7}** Under *Marquez*, Defendant's motion could only be considered upon a finding of "good cause" for not timely filing as required by Rule 5-212(C). *State v. Helker*, 1975-NMCA-141, 88 N.M.650, 545 P.2d 1028 instructs us to conclude there was no "good cause" in this case. In *Helker*, defense counsel had known of the defendant's confession several months before trial, but a motion to suppress was not filed within twenty days after the plea was entered, as required, and the district court denied the motion because it was not timely. *Id*. ¶ 2. We affirmed. *Id*. ¶ 7. In this case, as in

4

*Helker*, when evidence material to guilt or innocence is known to exist, and has been in counsel's possession for a substantial period of time, failing to consider whether it is admissible until the eve of trial does not constitute "good cause" to excuse an untimely filing. The Committee Commentary to our current version of Rule 5-212 states, "[e]xamples of good cause may include, but are not limited to, failure of the prosecution to disclose evidence relevant to the motion to suppress to the defense prior to trial, failure of either party to provide discovery, or the discovery of allegedly suppressable [sic] evidence during the course of trial." None of these circumstances are present here.

{8}     We acknowledge that when "good cause" is demonstrated, a trial court has discretion to grant relief and allow a late motion to be filed. However, when "good cause" is absent as a matter of law, there is no room to exercise discretion. We therefore affirm the order denying Defendant's motion to suppress on the alternative ground that it was not timely.

**2.     Double Jeopardy**

{9}     Defendant's double jeopardy argument is raised for the first time on appeal. Nevertheless, we are required to resolve it. NMSA 1978, § 30-1-10 (1963) ("The defense of double jeopardy may not be waived and may be raised by the accused at any stage of a criminal prosecution, either before or after judgment."); *State v. Crain*,

1997-NMCA-101, ¶ 15, 124 N.M. 84, 946 P.2d 1095 (stating that under Section 30-1-10 double jeopardy claims are not waivable).

{10} Defendant raises two specific arguments. First, Defendant asserts that he was convicted and sentenced for six separate acts of criminal sexual penetration (CSP) under Counts 1 and 3 of the indictment in violation of his constitutional right to be free from double jeopardy. Second, Defendant contends that under the evidence, double jeopardy prohibits convictions for both CSP and false imprisonment. We agree with both arguments.

{11} Count 1 of the indictment alleges that Defendant committed CSP by intercourse by the use of force or coercion on a child of thirteen, but less than eighteen years of age; or in the alternative, by the use of force or coercion when aided or abetted by one or more persons; or in the alternative, in the commission of another felony. Each count, and its alternative is a second degree felony. NMSA 1978, § 30-9-11(E)(1), (4), and (5) (2009). Count 3 alleges CSP by fellatio, but in all other respects, including the alternative charges, it is identical to Count 1. Defendant was convicted and sentenced for committing each charge of CSP and its two alternatives, for a total of six crimes.

**A.    Alternative Counts**

{12} Defendant contends, and the State agrees, that in the circumstances of this case, the convictions for the alternative counts must be set aside. Although we are not

6

bound by the State's concession, we agree. *See State v. Foster*, 1999-NMSC-007, ¶ 25, 126 N.M. 646, 974 P.2d 140 (stating that our Supreme Court was not bound by state's concession that double jeopardy was violated), *abrogated on other grounds by State v. Frazier*, 2007-NMSC-032, ¶¶ 31, 35, 142 N.M. 120, 164 P.3d 1.

{13}     This is a "double description" case in that it involves the same conduct violating multiple statutes. *Swafford  v. State,* 1991-NMSC-043, ¶ 9, 112 N.M. 3, 810 P.2d 1223. We therefore first determine whether the "conduct underlying the offenses is unitary, i.e., whether the same conduct violates both statues." *Id*. ¶ 25. Second, we determine "whether the [L]egislature intended to create separately punishable offenses." *Id*. When the first part of the test is answered in the affirmative, and the second in the negative, double jeopardy prohibits multiple punishments. *Id*. On appeal, we review de novo whether Defendant's convictions constitute multiple punishments for the same offense. *See Frazier,* 2007-NMSC-032, ¶ 15.

{14}     The parties do not dispute that the same conduct violated each count and its alternatives. The convictions for Count 1 and each alternative to Count 1 all involve a single act of CSP (sexual intercourse) that was accomplished by the same force. Similarly, the convictions for Count 3 and each alternative to Count 3 all involve a single act of CSP (fellatio) that was accomplished by the same force.  We agree that the same conduct violated each count and the respective alternative counts.

{15} We next proceed to determine whether the legislature intended separate punishments for each count and its alternatives. In *Crain*, the defendant was convicted of two counts of CSP (personal injury and in the commission of a felony) and kidnapping. 1997-NMCA-101, ¶ 15. All three convictions stemmed from the same act of sexual intercourse, and the same conduct violated all three statutory provisions. *Id.* ¶ 17. In determining whether the Legislature intended to provide for multiple punishments for these crimes, we noted that in prior cases we had concluded that the enumeration of alternative methods of committing an offense do not evince a legislative intent to authorize multiple punishments for the same act. *Id.* ¶ 20. In addition, we noted that although statutes may describe alternative ways of committing sexual offenses, the Committee Commentary to UJI 14-905 NMRA states, "[i]n all cases where alternate methods of committing one offense are submitted to the jury, the defendant is being charged with only one offense and may be found guilty of only one offense." *See Crain,* 1997-NMCA-101 ¶ 20*; see also State v. Williams*, 1986-NMCA-122, ¶ 9, 105 N.M. 214, 730 P.2d 1196 ("[W]here alternative methods of committing criminal sexual contact are submitted to the jury, the accused may be found guilty of only one offense."). We concluded that the Legislature did not intend to impose multiple punishments for the same conduct, and double jeopardy prohibitions required that one conviction for CSP and the conviction for kidnapping

8

be set aside. *Id*. ¶ 22. Consistent with the authorities cited in *Crain* and its holding, we conclude that the second question before us must be answered in the negative. We therefore hold that Defendant's convictions on the alternatives to Counts 1 and 3 violate double jeopardy, and must be set aside.

**B.     CSP and False Imprisonment**

{16}     We now turn to Defendant's convictions for CSP and false imprisonment. The jury acquitted Defendant of kidnapping as charged in Count 3 of the indictment, but found Defendant guilty of false imprisonment as a lesser included offense to kidnapping. Defendant argues that the evidence proved that Defendant committed only one act to restrain or confine Victim, which was holding her head during fellatio. Defendant contends that this one act cannot support a conviction for both CSP and false imprisonment without violating his right to be free from double jeopardy. The State does not dispute that under the evidence presented, Defendant committed only one act to confine or restrain Victim.  However, the State asserts that because there was also evidence that the co-defendant held or restrained Victim by holding her wrists while Defendant penetrated her vaginally, "Defendant is an accessory to [the co-defendant's] false imprisonment of [Victim.]" Defendant correctly replies however, that there was no accessory instruction on the charges of kidnapping and false imprisonment, and that, although an accessory instruction was given to hold

9

Defendant liable for the co-defendant's CSP of Victim, the jury could not reach a verdict on those counts. The jury was not then permitted to find Defendant guilty as an accessory to the co-defendant's false imprisonment of Victim.

**{17}** In *State v. Almeida*, 2008-NMCA-068, ¶ 19, 144 N.M. 235, 185 P.3d 1085, and also in *State v. Corneau*, 1989-NMCA-040, ¶¶ 11-16, 109 N.M. 81, 781 P.2d 1159, this Court reasoned that because some amount of force is inherent in an act of CSP, there must be evidence of additional force to warrant an additional conviction for false imprisonment, or double jeopardy is violated. Under the facts and instructions in this case, there was no basis to allow the jury to find that Defendant restrained or confined Victim separate from holding Victim's head during fellation. Under *Corneau's* reasoning, Defendant's conviction for false imprisonment and CSP violates double jeopardy, and the false imprisonment conviction must be vacated.

**3.      Exclusion of Victim's Past Conduct**

**{18}** Evidence of Victim's past conduct at a prior party was excluded under Rule 11-412 NMRA. This rule was amended and renumbered in 2012, while Defendant's case was pending. Article IV, Section 34 of the New Mexico Constitution provides, "No act of the [L]egislature shall affect the right or remedy of either party, or change the rules of evidence or procedure, in any pending case." Defendant's only argument under this point is that applying the amended rule to his case violates the

constitutional provision. This argument is advanced pursuant to *State v. Franklin*, 1967-NMSC-151, 78 N.M. 127, 428 P.2d 982, and *State v.Boyer*, 1985-NMCA-029, 103 N.M. 655, 712 P.2d 1, and we reject it. *See State v. Martinez*, 2011-NMSC-010, ¶ 11, 149 N.M. 370, 249 P.3d 82 ("Article IV, Section 34 of the New Mexico Constitution does not apply to rule changes implemented by this Court, in the absence of some affirmative act by this Court to the contrary." (emphasis, alteration, internal quotation marks, and citation omitted)); Rule 11-412 NMRA (2012), comm. commentary, ("This rule, previously numbered Rule 11-413 NMRA, was renumbered in 2012 as Rule 11-412 . . . [to be] consistent with Federal Rule 412. . . . Changes to the renumbered rule were intended to be stylistic only and not intended to change the rule in any substantive way.").

**CONCLUSION**

{**19**}     The convictions for CSP in the alternative to Counts 1 and 3 and the conviction for false imprisonment are vacated and the case is remanded to the district court for resentencing in accordance with this opinion.

{20}     **IT IS SO ORDERED.**


                                        _____
                                        **MICHAEL E. VIGIL, Chief Judge**


**WE CONCUR:**


_____
**JAMES J. WECHSLER, Judge**


_____
**M. MONICA ZAMORA, Judge**