This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**JENNIFER MARTINEZ,**

      Petitioner-Appellee,

v.                        **No. A-1-CA-35745**

**RICHARD MONTOYA,**

      Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN MIGUEL COUNTY**
**Abigail Aragon, District Judge**

Jennifer Martinez
Las Vegas, NM

Pro Se Appellee

Law Works LLC
John A. McCall
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**ATTREP, Judge.**

**{1}** Respondent Richard Montoya appeals the district court's order holding him in contempt for violating an order of protection. We reverse because the district court applied the wrong standard of proof, and we remand to the district court for entry of an order vacating the contempt conviction. Because this is a memorandum opinion, we set forth only such facts and law as are necessary to decide the merits.

### BACKGROUND

**{2}** Pursuant to the provisions of the Family Violence Protection Act, NMSA 1978, §§ 40-13-1 to -12 (1987, as amended through 2018), Jennifer Martinez (Petitioner)

petitioned the district court for an order of protection, asserting Respondent was stalking her. The district court issued an ex parte temporary order of protection. *See* § 40-13-4(A)(1). The district court then held a hearing on the petition and, although Respondent was not present, found he was attempting to evade service or had actual notice of the hearing and chose not to attend. Following the hearing, the district court granted Petitioner's request and issued an order of protection for one year. Among other things, the order prohibited Respondent from initiating any contact with Petitioner. At the close of the hearing, the district court directed Petitioner that, if Respondent texts her, she should tell him about the order of protection and that texting her again would be a violation of the order.

{3}     Two months later, Petitioner filed a verified motion for order to show cause, asserting that Respondent "continu[ed] to call and text [Petitioner]" and had gone to Petitioner's house and left letters in her mailbox in violation of the order of protection. The district court held a hearing to determine whether Respondent would be held in contempt of court, at which Respondent was present with counsel. Petitioner testified that she had complied with the district court's directive and informed Respondent about the order of protection when he texted her. Respondent, nevertheless, sent Petitioner numerous text messages since the entry of the order of protection.

{4}     Respondent testified at the hearing. He admitted to sending Petitioner a text message approximately two weeks after the order of protection was entered. Respondent further admitted he was aware of the order of protection when he sent the text message, testifying that Petitioner had informed him she had obtained a "permanent order." Respondent did not, however, stop texting Petitioner after that because, according to him, he did not believe that an actual order of protection was in place. Respondent also testified that he spoke on the phone with officers from the New Mexico State Police and admitted he knew the officers were attempting to serve him with an order of protection.

{5}     At the conclusion of the hearing, the district court judge ruled from the bench, determining—"by a preponderance of the evidence"—that Respondent had violated the order of protection and therefore held him in contempt. The district court sentenced Respondent to 364 days imprisonment with 344 days to be suspended and served on unsupervised probation.

## DISCUSSION

{6}     Respondent raises various claims of error on appeal: (1) that the district court applied the incorrect standard of proof, (2) that there was insufficient evidence to support a finding of contempt, (3) that his due process rights were violated because he lacked notice or knowledge of the contents of the order of protection, (4) that the district court lacked personal jurisdiction over him because he was not personally served with the order of protection, and (5) that he was provided with ineffective assistance of counsel. Because we conclude that the district court erred in applying the wrong standard of proof, we do not reach Respondent's other claims of error. And while we

might usually remand to the district court for application of the correct standard of proof, we do not do so in this case because the procedural rules applicable to indirect criminal contempt proceedings have changed drastically since Respondent's conviction and dictate that different procedures be followed in future criminal contempt proceedings, if any, against Respondent. *See* Rule 1-093(D) NMRA.

**{7}** We review Respondent's criminal contempt conviction "for arbitrariness and abuse of discretion." *Case v. State*, 1985-NMSC-103, ¶ 5, 103 N.M. 501, 709 P.2d 670. Respondent argues that the district court committed error when it convicted him of contempt by a "preponderance of the evidence" rather than "beyond a reasonable doubt." We agree. Because Respondent was held in indirect criminal contempt by the district court, he was "entitled to due process protections of the criminal law[.]" *Concha v. Sanchez*, 2011-NMSC-031, ¶ 26, 150 N.M. 268, 258 P.3d 1060. Chief among the protections owed to Respondent was his right to have the contemptuous acts proven beyond a reasonable doubt. *Id.*

**{8}** After receiving all the evidence, the district court issued an oral ruling. In so doing, the court stated "I believe the evidence shows, by a preponderance of the evidence, . . . that [Respondent] is the individual who . . . sent these text messages and these letters" and accordingly held Respondent in contempt. "Although error should ordinarily not be predicated on the oral remarks of the [district] court in rendering its decision, here there is nothing in the record to indicate that the [district] court applied, or was advised by counsel of, the proper [standard] of proof." *Attorney Gen. v. Montoya*, 1998-NMCA-149, ¶ 16, 126 N.M. 273, 968 P.2d 784. We conclude that the district court abused its discretion in applying the incorrect standard of proof, and thus Respondent's contempt conviction must be reversed.

**{9}** Normally we would remand this case for the district court to reweigh the facts under the proper standard of proof. *See id.* ¶ 18 (remanding case for clarification of whether the district court applied the correct burden of proof and, if not, for determination of whether the evidence supported a contempt conviction beyond a reasonable doubt). Rule 1-093(D), which was adopted after Respondent appealed, however, imposes additional procedural protections for an alleged contemnor. In particular, the rule provides that all cases of indirect criminal contempt shall "be initiated with a criminal complaint[,]" "be docketed as a separate criminal matter[,]" and be prosecuted in accordance with the rules of criminal procedure. Rule 1-093(D), (E). Further, the district court "shall appoint the district attorney to prosecute the criminal contempt for the state." Rule 1-093(D)(2).

**{10}** With respect to the applicability of Rule 1-093(D) to Respondent's case, the rule specifies that it is "effective for all cases pending or filed on or after December 31, 2016." Rule 1-093. Our Supreme Court has made clear that a case remains pending and non-final while on direct appeal. *See State v. Martinez*, 2011-NMSC-010, ¶¶ 10, 13, 149 N.M. 370, 249 P.3d 82 (defining "final" "as any case where a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied," and applying new rule

adopted during the pendency of the defendant's appeal to the defendant's case (internal quotation marks and citation omitted)). Because Rule 1-093(D) was adopted during the pendency of Respondent's appeal and explicitly applies to all "pending" cases, the rule applies to Respondent's case. Given this, further indirect criminal contempt proceedings against Respondent, if any, must proceed in accordance with Rule 1-093(D).[1] *Cf. Martinez*, 2011-NMSC-010, ¶ 13 (remanding for reinstatement of the defendant's charges due to the elimination of the six-month rule during the defendant's appeal).

**CONCLUSION**

**{11}**    We reverse the district court's order holding Respondent in indirect criminal contempt and remand to the district court to vacate Respondent's contempt conviction and for any further proceedings consistent with this opinion.

**{12}    IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**BRIANA H. ZAMORA, Judge**

---

1We draw no conclusions about any potential double jeopardy or statute of limitations issues that may arise in the event an indirect criminal contempt charge is brought against Respondent pursuant to Rule 1-093(D).